

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*300 Quarropas Street*
*White Plains, New York 10601*

**BY HAND & ECF**

Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York
chambersnysdseibel@nysd.uscourts.gov

>     Re:    **United States v. Matthew Madonna, et al.**
>            **17 Cr. 89 (CS)**

Dear Judge Seibel:

      The Government writes to provide clarification to the Court regarding certain evidence proffered by the Government at the July 28, 2017 bail appeal hearing of Steven Crea, Jr. ("the defendant"). With regard to Count Five, which charges the defendant with the attempted murder of a Bonnano associate, the Government proffered that its evidence is expected to include witness testimony from an individual ("Witness-1") who discussed the relevant events with Vincent Bruno, a co-defendant in the above referenced case who is also charged in Count Five. If called at trial, the Government expects Witness-1 to testify regarding the substance of that conversation with Bruno, including the roles of both Bruno and the defendant in the crime. The Government further proffered that this conversation was recorded.

      The Government has since re-reviewed the evidence and determined that the conversation between Witness-1 and Bruno was not recorded. Rather, the relevant recorded conversations were between Witness-1 and two other co-conspirators ("CC-1 and CC-2"). In these recorded conversations, Witness-1 and the co-conspirators discuss the attempted murder. In one of the recorded conversations, Witness-1 and CC-1 specifically discuss what Bruno told both Witness-1 and CC-1 about the incident—including the defendant's role in it. The record should therefore be corrected to reflect that the related recorded conversations were between Witness-1 and CC-1 and CC-2, rather than between Witness-1 and Bruno.

      This clarification does not change the merits of the Government's argument for the defendant's detention, nor the result of the hearing. If called at trial, Witness-1 is expected to testify as to the substance of Witness-1's conversation with Bruno regarding the attempted murder. That expected testimony is corroborated by the recordings of Witness-1 and CC-1 and CC-2. Moreover, at the bail hearing, the Government proffered evidence of the defendant's participation in not just the attempted murder charged in Count Five, but also the murder and conspiracy to murder Michael Meldish, charged in Counts Two and Three, the use of a firearm in connection with that murder charged in Count Eight, the racketeering conspiracy charged in Count One, and use of firearms in furtherance of the racketeering conspiracy charged in Count Nine. Pursuant to Title 18, United States Code, Section 3142(g), the nature of these offenses as well as the evidence

proffered in support of the charges provided an ample basis for detention of the defendant on the basis of danger to the community.

                                          Respectfully submitted,

                                          JOON H. KIM
                                          Acting United States Attorney

                                  By: /s/ Jacqueline Kelly
                                          Scott Hartman
                                          Hagan Scotten
                                          Jacqueline Kelly
                                          Assistant United States Attorney
                                          (914) 993-1904

Cc: All counsel by ECF