COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA     :     **SEALED**
                                    **SUPERSEDING**
     - v. -                   :     **INDICTMENT**

MATTHEW MADONNA,             :     S3 17 Cr. 89 (CS)
STEVEN CREA, SR.,
     a/k/a "Wonder Boy,"      :
JOSEPH DINAPOLI,
STEVEN CREA, JR.,            :
DOMINIC TRUSCELLO,
JOHN CASTELUCCI,             :
     a/k/a "Big John,"
TINDARO CORSO,               :
     a/k/a "Tino,"
JOSEPH VENICE,               :
JAMES MAFFUCCI,
     a/k/a "Jimmy the Jew,"   :
JOSEPH DATELLO,
     a/k/a "Big Joe,"         :
     a/k/a "Joey Glasses,"
PAUL CASSANO,                :
     a/k/a "Paulie Roast Beef,"
CHRISTOPHER LONDONIO,        :
TERRENCE CALDWELL,
     a/k/a "T"                :
VINCENT BRUNO,
BRIAN VAUGHAN,               :
CARMINE GARCIA,
     a/k/a "Spanish Carmine," :
RICHARD O'CONNOR,
ROBERT CAMILLI, and          :
JOHN INCATASCIATO,
                             :

                 Defendants.

- - - - - - - - - - - - - - - - - - X

## COUNT ONE

### (Racketeering Conspiracy)

The Grand Jury charges:

### The Enterprise

1.    At all times relevant to this Indictment, MATTHEW

MADONNA, STEVEN CREA, SR., a/k/a "Wonder Boy," JOSEPH DINAPOLI,

STEVEN CREA, JR., DOMINIC TRUSCELLO, JOHN CASTELUCCI, a/k/a "Big

John," TINDARO CORSO, a/k/a "Tino," JOSEPH VENICE, JAMES

MAFFUCCI, a/k/a "Jimmy the Jew," JOSEPH DATELLO, a/k/a "Big

Joe," a/k/a "Joey Glasses," PAUL CASSANO, a/k/a "Paulie Roast

Beef," CHRISTOPHER LONDONIO, TERRENCE CALDWELL, a/k/a "T,"

VINCENT BRUNO, BRIAN VAUGHAN, CARMINE GARCIA, a/k/a "Spanish

Carmine," RICHARD O'CONNOR, ROBERT CAMILLI, and JOHN

INCATASCIATO, the defendants, and others known and unknown, were

members of an organized criminal enterprise known as La Cosa

Nostra ("LCN" or "the Enterprise"), whose members and associates

engaged in crimes including murder, attempted murder, assault,

distribution of controlled substances, making extortionate

extensions of credit, operating illegal gambling businesses,

wire fraud, mail fraud, selling untaxed cigarettes, mail fraud,

and other offenses.

2.    La Cosa Nostra ("LCN"), including its leadership,

membership, and associates, constituted an "enterprise," as that

term is defined in Title 18, United States Code, Section

1961(4), that is, a group of individuals associated in fact.

The Enterprise was an organized criminal group that operated in

the Southern District of New York and elsewhere.  As

demonstrated by their ongoing coordination, communication, and

efforts to work together, the Enterprise constituted an ongoing

organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

3.    La Cosa Nostra, also known as the "Mafia," operated through entities known as "Families."  Six Families operated in the New York City and New Jersey area, namely, the Genovese Organized Crime Family of LCN, the Gambino Organized Crime Family of LCN, the Luchese Organized Crime Family of LCN, the Colombo Organized Crime Family of LCN, the Bonanno Organized Crime Family of LCN, and the Decavalcante Organized Crime Family of LCN.  The majority of the defendants named in this Indictment were members and associates of the Luchese Family.

4.    Mafia Families each operated through groups of individuals known as "crews" and "regimes," most of which were based in New York City.  Each "crew" had as its leader a person known as a "Caporegime," "Capo," "Captain," or "Skipper," and consisted of "made" members, sometimes known as "Soldiers," "wiseguys," "friends of ours," and "good fellows."  Soldiers were aided in their criminal endeavors by other trusted individuals, known as "associates," who sometimes were referred to as "connected" or identified as "with" a Soldier or other member of the Family.  Associates participated in the various activities of the crew and its members.  In order for an associate to become a made member of the Family, the associate typically needed to demonstrate the ability to generate income

3

for the Family, and/or that the associate was capable of committing acts of violence.

5.     Each Capo was responsible for supervising the criminal activities of his crew, resolving disputes between and among members of the Family, resolving disputes between members of that Family and members of other criminal organizations, and providing Soldiers and associates with support and protection. In return, the Capo typically received a share of the illegal earnings of each of his crew's Soldiers and associates, which was sometimes referred to as "tribute."

6.     Above the Capos were the highest-ranking members of each Family, commonly referred to as the "Administration."  The head of each Family was known as the "Boss," who was ordinarily assisted by an "Underboss" and a "Consigliere," or counselor. The Boss, Underboss, and Consigliere were responsible for, among other things, setting policy, resolving disputes between and among members of the Family, and resolving disputes between and among members of that Family and members of other criminal organizations.  The Administration of each Family was also responsible for overseeing the criminal activities of the Family's Capos, Soldiers, and associates, and was at times called upon to make decisions regarding those criminal endeavors.

7.     The Boss, Underboss, and Consigliere supervised,

4

supported, protected, and disciplined the Capos, Soldiers, and associates, and regularly received reports regarding their various activities. In return for their supervision and protection, the Boss, Underboss, and Consigliere typically received part of the illegal earnings of each crew.

8. At most times relevant to this Indictment, MATTHEW MADONNA, the defendant, was the Street Boss of the Luchese Family. As the Street Boss of the Luchese Family, MADONNA managed the affairs of the Family on behalf of the formal boss, who is serving a life sentence in federal prison for murder, among other crimes.

9. At most times relevant to this Indictment, STEVEN CREA, SR., a/k/a "Wonder Boy," the defendant, was the Underboss of the Luchese Family, and JOSEPH DINAPOLI, the defendant, was the Consigliere of the Luchese Family.

10. At most times relevant to this Indictment, STEVEN CREA, JR., DOMINIC TRUSCELLO, JOHN CASTELUCCI, a/k/a "Big John," and TINDARO CORSO, a/k/a "Tino," the defendants, were Captains or Acting Captains in the Luchese Family.

11. At most times relevant to this Indictment, JOSEPH VENICE, JAMES MAFFUCCI, a/k/a "Jimmy the Jew," JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," PAUL CASSANO, a/k/a "Paulie Roast Beef," and CHRISTOPHER LONDONIO, the defendants, were Soldiers in the Luchese Family.

5

## Purposes of the Enterprise

12.   The purposes of the Enterprise included the following:

a.   Enriching the leaders, members, and associates of the Enterprise through, among other things, distribution of controlled substances, robbery, extortion, making extortionate extensions of credit, wire fraud, mail fraud, operating illegal gambling businesses, selling untaxed cigarettes, mail fraud, and other offenses, and other crimes;

b.   Preserving and augmenting the power, territory, and financial profits of the Enterprise through intimidation, violence, and threats of physical and economic harm, including murder; and

c.   Keeping victims and citizens in fear of the Enterprise and its leaders, members, and associates by: (i) identifying the Enterprise, its members, and its associates with La Cosa Nostra or the "Mafia;" (ii) causing and threatening to cause economic harm; and (iii) committing and threatening to commit physical violence, and

d.   Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the Enterprise.

6

## Means and Methods of the Enterprise

13.   Among the means and methods by which the defendants and other Enterprise members and associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

a.   To protect and expand the Enterprise's business and criminal operations, members and associates of the Enterprise murdered, threatened to murder, assaulted, and threatened to assault persons who engaged in activity that jeopardized: (i) the power and criminal activities of the Enterprise; (ii) the power of leaders of the Enterprise and the status of its members; and (iii) the flow of criminal proceeds to members and associates of the Enterprise.

b.   Members and associates of the Enterprise generated or attempted to generate income for the Enterprise through dealing in controlled substances, robberies, extortion, making extortionate extensions of credit, wire fraud, mail fraud, operating illegal gambling businesses, selling untaxed cigarettes, and other offenses.

c.   Members and associates of the Enterprise kept victims and citizens in fear of the Enterprise and its leaders, members, and associates by: (i) identifying the Enterprise, its members, and its associates with the "Mafia"; (ii) causing and threatening to cause economic harm; and (iii) committing and

7

threatening to commit physical violence;

      d.   Members and associates of the Enterprise protected the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the Enterprise.

      e.   To avoid law enforcement scrutiny of the Enterprise's criminal activities, members and associates of the Enterprise conducted meetings surreptitiously, typically using coded language when speaking on telephones, and avoiding discussing LCN activities in locations they suspected to be monitored by law enforcement surveillance.

   14.   To effect the goals of the Enterprise, its members worked together and coordinated with each other to perpetrate a number of different criminal acts and schemes, including, but not limited to, the following:

      a.   Murder.  Members and associates of the Enterprise, including, but not limited to, MATTHEW MADONNA, STEVEN CREA, SR., a/k/a "Wonder Boy," STEVEN CREA, JR., JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," PAUL CASSANO, a/k/a "Paulie Roast Beef," CHRISTOPHER LONDONIO, TERRENCE CALDWELL, a/k/a "T," and VINCENT BRUNO, the defendants, and others known and unknown, did commit, conspire to commit, and attempt to commit murder in order to enforce the rules of the

Enterprise among its members and associates, including, but not limited to: the murder of Michael Meldish on or about November 15, 2013; the attempted murder of the member of the Bonanno Family of LCN on or about May 29, 2013 ("Victim-1"); the attempted murder in or about late 2012 of an associate of the Bonanno Family of LCN ("Victim-2") who had offended CREA SR.; and the attempted murder in or about October 2016 of a former witness against certain members of the Enterprise ("Victim-3").

   b. Assault. Members and associates of Enterprise, including, but not limited to, MATTHEW MADONNA, STEVEN CREA, SR., a/k/a "Wonder Boy," JOSEPH DINAPOLI, STEVEN CREA, JR., TINDARO CORSO, a/k/a "Tino," JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," CHRISTOPHER LONDONIO, and CARMINE GARCIA, the defendants, and others known and unknown, did commit, conspire to commit, and aid and abet the commission of assault in order to enforce the rules of the Enterprise among its members and associates, and to intimidate and secure obedience from the Enterprise's victims.

   c. Importation and Distribution of Controlled Substances. Members and associates of Enterprise, including, but not limited to, STEVEN CREA, SR., a/k/a "Wonder Boy," JAMES MAFFUCCI, a/k/a "Jimmy the Jew," JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," CHRISTOPHER LONDONIO, VINCENT BRUNO, BRIAN VAUGHAN, CARMINE GARCIA, a/k/a "Spanish Carmine," and

RICHARD O'CONNOR, the defendants, and others known and unknown, did distribute, conspire to distribute, or knowingly receive profits from the distribution of, controlled substances, including, but not limited to, cocaine, heroin, oxycodone and similar prescription opiates, and marijuana, as part of the business of the Enterprise.  Certain members and associates of the Enterprise, including but not limited to JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," and CARMINE GARCIA, the defendants, and others known and unknown, also conspired to import cocaine from South America into the United States for distribution.

       d.    Extortion and Extortionate Debt Collection. Members and associates of the Enterprise, including, but not limited to, MATTHEW MADONNA, STEVEN CREA, SR., a/k/a "Wonder Boy," JOSEPH DINAPOLI, STEVEN CREA, JR., DOMINIC TRUSCELLO, JOHN CASTELUCCI, a/k/a "Big John," TINDARO CORSO, a/k/a "Tino," JOSEPH VENICE, JAMES MAFFUCCI, a/k/a "Jimmy the Jew," JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," CHRISTOPHER LONDONIO, BRIAN VAUGHAN, CARMINE GARCIA, a/k/a "Spanish Carmine," RICHARD O'CONNOR, ROBERT CAMILLI, and JOHN INCATASCIATO, the defendants, and others known and unknown, committed various acts of extortion by, in part, intimidating and threatening physical or economic harm to individuals in connection with loan collections and in order to obtain money,

property, and employment opportunities.

       e.    Robbery.  Members of the Enterprise, including but not limited to, CHRISTOPHER LONDONIO and TERRENCE CALDWELL, a/k/a "T," the defendants, and others known and unknown, committed acts of robbery with the aim of enriching themselves and other members and associates of the Enterprise.

       f.   Wire and Mail Fraud.  Members of the Enterprise, including but not limited to STEVEN CREA, SR., a/k/a "Wonder Boy," and JOSEPH VENICE, the defendants, and others known and unknown, committed and caused to be committed acts of mail and wire fraud in connection with various public building projects, including a $25 million expansion of a major New York City hospital.

       g.   Money Laundering.  Members of the Enterprise, including but not limited to STEVEN CREA, Sr., and CARMINE GARCIA, a/k/a "Spanish Carmine," the defendants, and others known and unknown, engaged in a series of financial transactions designed to further the unlawful activities of the Enterprise and to disguise the proceeds of the Enterprise's unlawful activities.

       h.   Gambling.  Members of the Enterprise, including, but not limited to, STEVEN CREA, JR., TINDARO CORSO, a/k/a "Tino," JAMES MAFFUCCI, a/k/a "Jimmy the Jew," JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," PAUL CASSANO, a/k/a

"Paulie Roast Beef," BRIAN VAUGHAN, CARMINE GARCIA, a/k/a "Spanish Carmine," and RICHARD O'CONNOR, the defendants, and others known and unknown, organized, promoted, and knowingly and intentionally received proceeds from various forms of illegal gambling, including unlawful betting on sporting events and the operation of unlawful "joker poker"-type gambling machines as part of the business of the Enterprise.

   i. Cigarettes. Members of the Enterprise, including, but not limited to, JOHN CASTELUCCI, a/k/a "Big John," TINDARO CORSO, a/k/a "Tino," JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," CARMINE GARCIA, a/k/a "Spanish Carmine," and RICHARD O'CONNOR, the defendants, and others known and unknown, received, caused others to receive, and profited from the purchase of contraband cigarettes that did not bear a stamp evincing payment of applicable cigarette taxes, as part of the business of the Enterprise.

   j. Witness Intimidation and Retaliation. Members of the Enterprise, including but not limited to STEVEN CREA, SR., a/k/a "Wonder Boy," and JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," the defendants, and others known and unknown, used, conspired to use, and threatened to use force to retaliate against and deter witnesses who provided information to law enforcement regarding the criminal activities of the Enterprise and its members and associates.

The Racketeering Conspiracy

15.  From at least in or about 2000, up to and including at
least in or about May 2017, in the Southern District of New York
and elsewhere, MATTHEW MADONNA, STEVEN CREA, SR., a/k/a "Wonder
Boy," JOSEPH DINAPOLI, STEVEN CREA, JR., DOMINIC TRUSCELLO, JOHN
CASTELUCCI, a/k/a "Big John," TINDARO CORSO, a/k/a "Tino,"
JOSEPH VENICE, JAMES MAFFUCCI,     a/k/a "Jimmy the Jew," JOSEPH
DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," PAUL CASSANO,
a/k/a "Paulie Roast Beef," CHRISTOPHER LONDONIO, TERRENCE
CALDWELL, a/k/a "T," VINCENT BRUNO, BRIAN VAUGHAN, CARMINE
GARCIA, a/k/a "Spanish Carmine," RICHARD O'CONNOR, ROBERT
CAMILLI, and JOHN INCATASCIATO, the defendants, and others known
and unknown, being persons employed by and associated with the
racketeering enterprise described in Paragraphs 1 through 14
above, namely, La Cosa Nostra, which enterprise was engaged in,
and the activities of which affected, interstate and foreign
commerce, knowingly combined, conspired, confederated, and
agreed together and with each other to violate 18 U.S.C.
§ 1962(c), to wit, to conduct and participate, directly and
indirectly, in the conduct of the affairs of that enterprise
through a pattern of racketeering activity, as that term is
defined in Sections 1961(1) and 1961(5) of Title 18, United
States Code, consisting of:

Multiple acts involving:

13

a. Murder, in violation of New York Penal Law Sections 20.00, 105.15, 110.00, 125.25, and 125.27;

b. Robbery, in violation of New York Penal Law, Sections 20.00, 105.15, 110.00, 160.05, 160.10, and 160.15;

c. Extortion, in violation of New York State Penal Law, Sections 110.00, 105.10, 155.40;

d. Gambling, in violation of New York State Penal Law, Sections 225.00 and 225.10;

Multiple acts indictable under the following provisions of federal law:

e. Title 18, United States Code, Sections 892 and 894 (relating to extortionate credit transactions);

f. Title 18, United States Code, Section 1341 (mail fraud);

g. Title 18, United States Code, Section 1343 (relating to wire fraud);

h. Title 18, United States Code, Section 1512 (witness tampering);

i. Title 18, United States Code, Section 1513 (witness retaliation);

j. Title 18, United States Code, Section 1951 (Hobbs Act robbery, extortion);

k. Title 18, United States Code, Sections 2341 and 2342 (trafficking in contraband cigarettes); and

1.     Title 18, United States Code, Sections 1956 and
1957 (money laundering);

Multiple offenses involving:

m.     the distribution of controlled substances,
including cocaine, heroin, marijuana and oxycodone, in violation
of laws of the United States, namely Title 21, United States,
Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and
846, and Title 18, United States Code, Section 2.

16.     It was a part and object of the conspiracy that each
defendant agreed that a conspirator would commit at least two
acts of racketeering activity in the conduct of the affairs of
the Enterprise.

## Notice of Special Sentencing Factors

A. Narcotics Distribution

17.     From at least in or about 2000, up to and including in
or about May 2017, in the Southern District of New York and
elsewhere, JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey
Glasses," CHRISTOPHER LONDONIO, BRIAN VAUGHAN, CARMINE GARCIA,
a/k/a "Spanish Carmine," and RICHARD O'CONNOR, the defendants,
and others known and unknown, intentionally and knowingly did
combine, conspire, confederate, and agree together and with each
other to violate the narcotics laws of the United States.     It
was a part and an object of the conspiracy that CREA SR.,
DATELLO, LONDONIO, VAUGHAN, and GARCIA, O'CONNOR, the

15

defendants, and others known and unknown, would and did distribute and possess with intent to distribute (a) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, (b) one kilogram and more mixtures and substances containing a detectable amount of heroin, and (c) 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, all in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), and 846.

B. Murder of Michael Meldish

18. In or about November 2013, in the Southern District of New York, MATTHEW MADONNA, STEVEN CREA, SR., a/k/a "Wonder Boy," STEVEN CREA, JR., CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a "T," the defendants, and others known and unknown, intentionally and knowingly murdered, and aided and abetted and procured the murder of, Michael Meldish, in the vicinity of Baisley Avenue and Ellsworth Avenue in the Bronx, New York, on or about November 15, 2013, in violation of New York Penal Law Sections 125.25 and 20.00, in that, with the intent to cause the death of Meldish, MADONNA, CREA SR., CREA JR., LONDONIO and CALDWELL caused the death of Meldish.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Conspiracy to Commit Murder in Aid
### of Racketeering Activity)

The Grand Jury further charges:

19. At all times relevant to this Indictment, La Cosa Nostra, as more fully described in Paragraphs 1 through 14 of this Indictment, which are realleged and incorporated by reference as though set forth fully herein, including its leadership, membership, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

20. At all times relevant to this Indictment, the above-described Enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, robbery, extortion, and gambling, chargeable under the laws of New York State and punishable by imprisonment for more than one year; acts involving narcotics distribution in violation of Title 21, United States Code, Section 812, 841, and 846; and acts indictable under Title 18, United States Code,

Sections 892 and 894 (relating to extortionate credit transactions); Title 18, United States Code, Sections 1341 and 1343 (relating to mail and wire fraud); Title 18, United States Code, Sections 1512 and 1513 (witness tampering and retaliation); Title 18, United States Code, Section 1951 (Hobbs Act robbery and extortion); Title 18, United States Code, Sections 2341 and 2342 (relating to trafficking in contraband cigarettes); and Title 18, United States Code, Sections 1956 and 1957 (money laundering).

21. In or about November 2013, in the Southern District of New York and elsewhere, MATTHEW MADONNA, STEVEN CREA, SR., a/k/a "Wonder Boy," STEVEN CREA, JR., CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a "T," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from La Cosa Nostra, and for the purpose of gaining entrance to and maintaining and increasing position in La Cosa Nostra, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder Michael Meldish, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

18

## COUNT THREE
### (Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

22.   Paragraphs 19 and 20 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

23.   In or about November 2013, in the Southern District of New York, MATTHEW MADONNA, STEVEN CREA, SR., a/k/a "Wonder Boy," STEVEN CREA, JR., CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a "T," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay a thing of pecuniary value from La Cosa Nostra, and for the purpose of gaining entrance to and maintaining and increasing position in La Cosa Nostra, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly murdered, and aided and abetted the murder of Michael Meldish, in the vicinity of Baisley Avenue and Ellsworth Avenue in the Bronx, New York, on or about November 15, 2013, in violation of New York Penal Law, Sections 125.25 and 20.00, that is, with the intent to cause the death of Meldish, MADONNA, CREA SR., CREA JR., LONDONIO and CALDWELL caused the death of Meldish.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT FOUR
**(Assault and Attempted Murder in Aid of Racketeering Activity)**

The Grand Jury further charges:

24. Paragraphs 19 and 20 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

25. On or about May 29, 2013, in the Southern District of New York, TERRENCE CALDWELL, the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from La Cosa Nostra, and for the purpose of gaining entrance to and maintaining and increasing position in La Cosa Nostra, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly assaulted an individual with a dangerous weapon; attempted to murder that individual; and aided and abetted the same, to wit, CALDWELL shot at a member of the Bonanno Family of LCN ("Victim-1"), resulting in bodily injury to Victim-1, in the vicinity of First Avenue and 111th Street, New York, New York, and aided and abetted the same, in violation of New York Penal Law, Sections 20.00, 120.05, 125.25, and 110.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT FIVE
**(Attempted Assault and Murder in Aid of Racketeering Activity)**

The Grand Jury further charges:

26. Paragraphs 19 and 20 of this Indictment are realleged

and incorporated by reference as though fully set forth herein.

27.    In or about late-2012, in the Southern District of New York and elsewhere, STEVEN CREA, SR., a/k/a "Wonder Boy," STEVEN CREA, JR., PAUL CASSANO, a/k/a "Paulie Roast Beef," and VINCENT BRUNO, the defendants, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from La Cosa Nostra, and for the purpose of gaining entrance to and maintaining and increasing position in La Cosa Nostra, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly attempted to assault and murder an individual, and aided and abetted the same, to wit, in retaliation for a showing of disrespect by a Bonanno Associate ("Victim-2") to CREA SR., BRUNO and CASSANO, acting at the direction of CREA SR. and CREA JR., traveled to Victim-2's home, armed with a gun with the intent to shoot and kill Victim-2, in violation of New York Penal Law, Sections 20.00, 120.05, 125.25, and 110.00.

(Title 18, United States Code,
Sections 1959(a)(5), 1959(a)(6), and 2.)

### COUNT SIX
**(Attempted Assault and Murder in Aid of Racketeering Activity)**

The Grand Jury further charges:

28.    Paragraphs 19 and 20 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

29.    In or about October 2016, in the Southern District of

New York and elsewhere, STEVEN CREA, SR., and JOSEPH DATELLO,

a/k/a "Big Joe," a/k/a "Joey Glasses," the defendants, as

consideration for the receipt of, and as consideration for a

promise and agreement to pay, a thing of pecuniary value from La

Cosa Nostra, and for the purpose of gaining entrance to and

maintaining and increasing position in La Cosa Nostra, an

enterprise engaged in racketeering activity, as described above,

intentionally and knowingly attempted to assault and murder an

individual ("Victim-3"), and aided and abetted the same, to wit,

in retaliation for the decision by Victim-3 to provide

information to law enforcement, DATELLO, acting with the

blessing of CREA SR., traveled to New Hampshire to find,

assault, and kill Witness-3, in violation of New York Penal Law,

Sections 20.00, 120.05, 125.25, and 110.00.

(Title 18, United States Code,
Sections 1959(a)(5), 1959(a)(6), and 2.)

**COUNT SEVEN**
**(Conspiracy to Distribute Narcotics)**

The Grand Jury further charges:

30.    From in or about 2011 up to and including in or about

May 2017, in the Southern District of New York and elsewhere,

JAMES MAFFUCCI, a/k/a "Jimmy the Jew," JOSEPH DATELLO, a/k/a

"Big Joe," a/k/a "Joey Glasses," CHRISTOPHER LONDONIO, BRIAN

VAUGHAN, CARMINE GARCIA, and RICHARD O'CONNOR, the defendants,

and others known and unknown, intentionally and knowingly did

22

combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

31.    It was a part and an object of the conspiracy that JAMES MAFFUCCI, a/k/a "Jimmy the Jew," JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," CHRISTOPHER LONDONIO, BRIAN VAUGHAN, CARMINE GARCIA, and RICHARD O'CONNOR, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances in violation of Title 21, United States Code, Section 841(a)(1).

32.    The controlled substances that JAMES MAFFUCCI, a/k/a "Jimmy the Jew," JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," CHRISTOPHER LONDONIO, BRIAN VAUGHAN, CARMINE GARCIA, and RICHARD O'CONNOR, the defendants, and others known and unknown, conspired to distribute and possess with intent to distribute were: (a) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A); (b) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A), and (c) 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (d) mixtures and substances containing a detectable amount of oxycodone, in violation of Title 21,

United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

### COUNT EIGHT
#### (Use of Firearms Resulting in Death)

The Grand Jury further charges:

33. On or about November 15, 2013, in the Southern District of New York, MATTHEW MADONNA, STEVEN CREA, SR., a/k/a "Wonder Boy," STEVEN CREA, JR., CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a "T," the defendants, knowingly, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, namely, (1) the racketeering conspiracy charged in Count One of this Indictment, (2) the murder conspiracy charged in Count Two of this Indictment, and (3) the murder charged in Count Three of this Indictment, did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, and in the course of those crimes did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, MADONNA, CREA SR., CREA JR., LONDONIO and CALDWELL caused the death of Michael Meldish by shooting Meldish, and aiding and abetting the same, in the vicinity of Baisley Avenue and Ellsworth Avenue, Bronx, New

York.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## COUNT NINE
### (Firearms Offense)

The Grand Jury further charges:

34. From at least in or about 2000 up to and including in or about May 2017, and on occasions other than the murder of Michael Meldish on or about November 15, 2013, as charged in Count Seven of this Indictment, in the Southern District of New York and elsewhere, MATTHEW MADONNA, STEVEN CREA, SR., a/k/a "Wonder Boy," JOSEPH DINAPOLI, STEVEN CREA, JR., DOMINIC TRUSCELLO, JOHN CASTELUCCI, a/k/a "Big John," TINDARO CORSO, a/k/a "Tino," JOSEPH VENICE, JAMES MAFFUCCI, a/k/a "Jimmy the Jew," JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," CHRISTOPHER LONDONIO, PAUL CASSANO, a/k/a "Paulie Roast Beef," TERRENCE CALDWELL, a/k/a "T," VINCENT BRUNO, BRIAN VAUGHAN, CARMINE GARCIA, a/k/a "Spanish Carmine," and RICHARD O'CONNOR, the defendants, knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged in Count One of this Indictment, did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of

25

which firearms were brandished and discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (ii), (iii) and 2)

## COUNT TEN
(Attempted Escape)

The Grand Jury further charges:

35. In or about June 2017, in the Southern District of New York and elsewhere, CHRISTOPHER LONDONIO, the defendant, did knowingly attempt to escape from custody in the Metropolitan Detention Center, an institution and facility in which he was confined by direction of the Attorney General, by virtue of an arrest on a charge of a felony, to wit, the felony charges set forth in Counts One through Three and Seven through Nine of this Superseding Indictment.

(Title 18, United States Code, Section 751(a))

## FORFEITURE ALLEGATION

36. The allegations contained in Count One of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963, and Title 28, United States Code, Section 2461(c). Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to MATTHEW MADONNA, STEVEN CREA, SR., a/k/a "Wonder Boy," JOSEPH DINAPOLI, STEVEN CREA,

26

JR., DOMINIC TRUSCELLO, JOHN CASTELUCCI, a/k/a "Big John,"

TINDARO CORSO, a/k/a "Tino," JOSEPH VENICE, JAMES MAFFUCCI,

a/k/a "Jimmy the Jew," JOSEPH DATELLO, a/k/a "Big Joe," a/k/a

"Joey Glasses," CHRISTOPHER LONDONIO, PAUL CASSANO, a/k/a

"Paulie Roast Beef," TERRENCE CALDWELL, a/k/a "T," VINCENT

BRUNO, BRIAN VAUGHAN, CARMINE GARCIA, a/k/a "Spanish Carmine,"

RICHARD O'CONNOR, ROBERT CAMILLI, and JOHN INCATASCIATO, the

defendants, that the United States will seek forfeiture as part

of any sentence in accordance with Title 18, United States Code,

Section 1963 in the event of any defendant's conviction under

Count One of this Indictment.

     37.  MATTHEW MADONNA, STEVEN CREA, SR., a/k/a "Wonder Boy,"

JOSEPH DINAPOLI, STEVEN CREA, JR., DOMINIC TRUSCELLO, JOHN

CASTELUCCI, a/k/a "Big John," TINDARO CORSO, a/k/a "Tino,"

JOSEPH VENICE, JAMES MAFFUCCI, a/k/a "Jimmy the Jew," JOSEPH

DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," CHRISTOPHER

LONDONIO, PAUL CASSANO, a/k/a "Paulie Roast Beef," TERRENCE

CALDWELL, a/k/a "T," VINCENT BRUNO, BRIAN VAUGHAN, CARMINE

GARCIA, a/k/a "Spanish Carmine," RICHARD O'CONNOR, ROBERT

CAMILLI, and JOHN INCATASCIATO, the defendants:

     a.  have acquired and maintained interests in

violation of Title 18, United States Code, Section 1962, which

interests are subject to forfeiture to the United States

pursuant to Title 18, United States Code, Section 1963(a)(1);

        b.    have an interest in, security of, claim against,
and property and contractual rights which afford a source of
influence over, the Enterprise named and described herein which
the above-named defendants established, operated, controlled,
conducted, and participated in the conduct of, in violation of
Title 18, United States Code, Section 1962, which interests,
securities, claims, and rights are subject to forfeiture to the
United States pursuant to Title 18, United States Code, Section
1963(a)(2); and/or

        c.    have property constituting and derived from
proceeds obtained, directly and indirectly, from the aforesaid
racketeering activity, in violation of Title 18, United States
Code, Section 1962, which property is subject to forfeiture to
the United States pursuant to Title 18, United States Code,
Section 1963(a)(3).

    38.    The interests of the above-named defendants subject to
forfeiture to the United States pursuant to Title 18, United
States Code, Section 1963(a) include the amount of gross
proceeds received by the defendants derived from racketeering
activities as alleged in Count One of this Indictment.

    39.    The above-named defendants, and each of them, are
jointly and severally liable for the forfeiture obligations as
alleged above.

40.    As a result of committing the controlled substance offense charged in Count Six of this Indictment, JAMES MAFFUCCI, a/k/a "Jimmy the Jew," JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses," CHRISTOPHER LONDONIO, BRIAN VAUGHAN, CARMINE GARCIA, and RICHARD O'CONNOR, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of this Indictment.

### Substitute Asset Provision

41.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C.

§ 1963(m), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461, to seek

forfeiture of any other property of said defendant up to the

value of the above forfeitable property.

(Title 18, United States Code Sections, Sections 492,
981(a)(1)(c), 982(a)(2)(b) and 1963, Title 21, United States
Code, Section 853, and Title 28, United States Code, Section
2461.)


FOREPERSON

JOON H. KIM
Acting United States Attorney

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

MATTHEW MADONNA,
STEVEN CREA, SR., a/k/a "Wonder Boy,"
JOSEPH DINAPOLI,
STEVEN CREA, JR.,
DOMINIC TRUSCELLO, a/k/a "Dom,"
JOHN CASTELUCCI, a/k/a "Big John,"
TINDARO CORSO, a/k/a "Tino,"
JOSEPH VENICE,
JAMES MAFFUCCI, a/k/a "Jimmy the Jew,"
JOSEPH DATELLO, a/k/a "Big Joe," a/k/a "Joey Glasses,"
CHRISTOPHER LONDONIO,
PAUL CASSANO, a/k/a "Paulie Roast Beef,"
TERRENCE CALDWELL, a/k/a "T"
VINCENT BRUNO,
BRIAN VAUGHAN,
CARMINE GARCIA, a/k/a "Spanish Carmine,"
RICHARD O'CONNOR,
ROBERT CAMILLI, and
JOHN INCATASCIATO,

Defendants.

## SEALED INDICTMENT

S1 17 Cr. 89 (CS)

(18 U.S.C. §§ 751, 924, 1959, 1962, and 2; and 21 U.S.C. § 846.)

JOON H. KIM
_____
Acting United States Attorney

_____
Foreperson