UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -against-

STEVEN L. CREA,

        *Defendant.*

Case No. 17-cr-089 (CS)

**Affirmation of Counsel**
**(Motion to Recuse)**

---

    ROBERT FRANKLIN, ESQ., pursuant to 28 U.S.C. §1746, hereby affirms under penalty of perjury:

    1.    I am attorney of record for defendant Steven L. Crea in the above-captioned matter. I am fully aware and familiar with the facts and circumstances of this case. I make this Affirmation in support of the within motion seeking relief pursuant to 28 U.S.C. §§455(a), (b).

    2.    Upon becoming aware of a potential judicial recusal issue as a result of receiving the Court's Order of August 28, 2018, (Docket No. 401), along with the Government's letter to the Court, (included within Docket No. 401), Richard E. Flamm, Esq., a leading expert in the field of judicial and legal ethics, was consulted to objectively determine whether the circumstances require this Court's recusal under 28 U.S.C. §§455(a),(b). Mr. Flamm was provided with, among other publicly available records, the Court's Orders of August 28, 2018 and August 30, 2018 and related letters of the parties addressing this subject.

    3.    In the attached affidavit (Exhibit A), Mr. Flamm opines, after his careful and detailed analysis of the record and relevant law, that a reasonable person, knowing all the facts, would could conclude that the Court's impartiality might reasonably be questioned. Specifically, Mr. Flamm opines that when "considering the totality of circumstances" in this case, a

reasonable person might question the ability of the court to be impartial, and that this is not a "close call."

4. The analysis and opinion provided by Mr. Flamm are adopted herein in its entirety and is not restated. Based on Mr. Flamm's expert analysis and opinion, it is requested that this Court recuse itself from presiding over Steven L. Crea's trial and transfer his case to a different district court.

5. It is also noteworthy to mention that Mr. Flamm's expert opinion, that this Court's recusal is required in this prosecution, is based only on the available record, although there appears to exist other relevant, but unavailable facts that would further support Mr. Flamm's expert conclusion. First, in the undersigned's letter to the Court dated August 30, 2018, (Document 403), I indicated that the case of *United States v. Tufaro,* 593 F. Supp 476 (S.D.N.Y. 1983) "*could* be relevant" and that such prosecution contained reference to Frank Pasqua Jr. and Frank Pasqua ("Pasqua Sr."), who is an unindicted co-conspirator in this proceeding. This Court correctly pointed out in footnote 4 of its Order of August 30, 2018, (Docket No. 411) that the Court was in law school at the time of the indictment in that case, but the Court's connection with *Tufaro* stems from a related appeal. *Tufaro v. U.S.*, 50 F.3d 3, (2nd Cir., 1995). In that appeal, it is listed that the United States, Respondent-Appellee was represented by this Court, then, acting as a member of the U.S. Attorney's Office, Criminal Division, Appellate Unit.

6. Second, the undersigned also independently learned that this Court was one of the Assistant U.S. Attorneys on record in the appeal in *United States v. Salerno*, 937 F.2d 797, (2nd Cir., 1991). In that case, the Court of Appeals for the Second Circuit described the matter as follows:

> The indictment alleged, and substantial evidence at trial established, that the Commission has for some time acted as the ultimate ruling body over

the five La Cosa Nostra families in New York City and affiliated families in other cities. The general purpose of the Commission is to regulate and facilitate the relationships between and among the several La Cosa Nostra families, and more specifically to promote and coordinate joint ventures of a criminal nature involving the families, to resolve disputes among the families, to extend formal recognition in "bosses" of the families and on occasion resolve leadership disputes within a family, to approve the initiation or "making" of new members of the families, and to establish rules governing the families, officers and members of La Cosa Nostra. There are five New York families (ie. The Genovese, Gambino, Colombo, Lucchese and Bonanno families.) Since the late 1970's, the Commission was controlled by the bosses of those families, often acting through deputies. (id. at 800, citing *United States v. Salerno*, 868 F.2d 524, 528 (2d Cir. 1989))

7. The allegations contained in the Superseding Indictment in this case, as well as those in *Salerno* describe the same activities, of the same crime families, and it is anticipated that there will be some duplicity and overlap of the same enterprises at trial.

8. Finally, in a follow-up request to the Government by letter dated September 11, 2018, in which I sought further details pertaining to FBI "reports between 1989 and 1993 that mention criminal activity of numerous LCN figures, including Steven Crea, Sr., Dominic Truscello, and Joseph Dinapoli" cited by the Government in their letter to the Court dated July 25, 2018 (Document 401) as well as their letter to me in response to the Court's Order of August 30, 2018 (Document 411). The request was based upon counsel's belief that an individual named Alphonso D'Arco testified in the *Massaro* case, was interviewed by FBI agents in 1991, of which numerous Form 302s were prepared in which Mr. D'Arco made allegations of criminal activity of Anthony Barrata, Steven L. Crea, and others. In response to my request, I was advised by e-mail from the Government that, "We have provided the specific additional information that Judge Seibel directed us to disclose. If you are seeking additional information, we would ask that you make your request to the Court." Given this Court's directive in its

August 30, 2018 Order that it does "not remember any of the information and do not want to learn it in the course of this litigation," I did not seek the Court's intervention.

9. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, 28 U.S.C. §1740.

WHEREFORE, it is respectfully requested that based upon the foregoing, and pursuant to 28 U.S.C. §§455(a), (b), that the Court disqualify itself from this proceeding in which the Court's impartiality might reasonably be questioned.

Dated: September 17, 2018

/s/ Robert Franklin
Robert Franklin, Esq.
ROBERT S. FRANKLIN, P.A.
2465 Mercer Avenue, Suite 301
West Palm Beach, FL 33401
(561) 775-7000
rfranklinlaw@gmail.com