```
                                                         1
     26k5valc
                          Conference
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                         02 Cr. 743 (DLC)

5    LOUIS VALLARIO, MICHAEL
     DiLEONARDO, FRANK FAPPIANO,
6    and EDWARD GARAFOLA,

7              Defendants.

8    ------------------------------x

9

10                                        New York, N.Y.
                                          June 20, 2002
11                                        2:20 p.m.

12
     Before:
13
                     HON. DENISE L. COTE,
14
                                          District Judge
15

16                    APPEARANCES

17   JAMES B. COMEY
          United States Attorney for the
18        Southern District of New York
     BY:  JOHN HILLEBRECHT
19   BY:  MICHAEL McGOVERN
          Assistant United States Attorneys
20
     ARONE & DiPIETRO
21        Attorneys for Defendant Vallario
     BY:  ROGER L. STAVIS, of Counsel
22
     ERIC FRANZ
23        Attorney  for Defendant DiLeonardo

24   ALSO PRESENT:  WILLIAM HEKEL, FBI
                    PAUL TAMBINO, FBI
25
```

SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300

 2
 26k5valc
                         Conference

1           THE DEPUTY CLERK:  On behalf of the government, are
2    you ready to proceed?
3           MR. HILLEBRECHT:  We are ready.  Good afternoon, your
4    Honor.  John Hillebrecht and Michael McGovern for the United
5    States Attorney's office.
6           THE COURT:  Good afternoon.
7           MR. HILLEBRECHT:  Good afternoon, your Honor.
8           THE DEPUTY CLERK:  Defendant Vallario, are you ready
9    to proceed?
10          MR. STAVIS:  Yes, your Honor.  Roger Stavis, and I'm
11   appearing for the counsel of Arone & DiPietro here this
12   afternoon before the Court and we are ready to proceed.
13          THE COURT:  Good afternoon, Mr. Stavis.
14          THE DEPUTY CLERK:  The defendant, Michael DiLeonardo,
15   are you ready to proceed?
16          MR. FRANZ:  Yes, I am, your Honor.  Eric Franz, 225
17   Broadway, Suite 512.
18          THE COURT:  Good afternoon, Mr. Franz.
19          I will take a report from the government with respect
20   to the other two defendants.
21          MR. HILLEBRECHT:  Your Honor, both of the other two
22   defendants are incarcerated in federal custody in other
23   facilities.  We filed a writ ad prosequendam for them to be
24   writted into this district and that process is under way.  At
25   the moment I don't have any update as to the expected arrival

```
                                                                    3
     26k5valc
                              Conference
1    date.
2            THE COURT:  Okay, good.
3            I will take a report from the government on the speedy
4    trial act issues.
5            MR. HILLEBRECHT:  Your Honor, the indictment was
6    unsealed today and the defendants were taken into custody this
7    morning at 6:00 a.m. specifically, your Honor.  Approximately.
8            THE COURT:  Any post-arrest statements?
9            MR. HILLEBRECHT:  No, your Honor.
10           THE COURT:  Any search warrants?
11           MR. HILLEBRECHT:  No, your Honor.
12           THE COURT:  Any T-3s?
13           MR. HILLEBRECHT:  Yes, your Honor.  I can detail those
14   now or later.
15           THE COURT:  No, that's fine.
16           MR. HILLEBRECHT:  Okay.
17           THE COURT:  If this case went to trial, how long would
18   it take to try?
19           MR. HILLEBRECHT:  Our present estimate is
20   approximately eight weeks, your Honor.
21           THE COURT:  And in general terms, what would the
22   government's proof consist of?
23           MR. HILLEBRECHT:  The government's proof would consist
24   of the Title III materials, consensual tape recordings,
25   extensive surveillance of still photographs and videotapes, and
```

 4
26k5valc
Conference

1   in large part of the testimony of multiple cooperating
2   witnesses, as well as testimony from victims and certain eye
3   witnesses to some of the murders charged.
4            THE COURT:  And with respect to the government's proof
5   at trial and the indictment, how far back in time does the
6   government's proof at trial, do you expect it to go?
7            MR. HILLEBRECHT:  The indictment alleged these
8   defendants' participation in the enterprise back to 1988.
9   Predicate act one of the indictment is a homicide that occurred
10  in September 1989, as a result the government's proof would go
11  back to the mid to late '80s and begin then.
12           THE COURT:  How long has this case been under active
13  investigation in the Southern District?
14           MR. HILLEBRECHT:  The answer to that is somewhat
15  complicated.  In December 1999 there was an arrest somewhat
16  related to this.
17           THE COURT:  1999?
18           MR. HILLEBRECHT:  1999, flowing out of an
19  investigation that lasted two and a half years into various
20  members and associates of a different organized crime families,
21  the DeCavalcante crime family.
22           As a result of that investigation's prosecution, which
23  included individuals who were charged with the Weiss homicide,
24  the government developed multiple cooperating witnesses which
25  led to the active investigation of these particular

5
26k5valc
Conference

1  individuals, which resulted in this indictment.
2      In addition, your Honor, in 1989 when Mr. Weiss, the
3  victim charged in Racketeering Act One was murdered, he was, at
4  that point in time, in a pending Southern District of New York
5  case in which the lead defendant was a defendant by the name of
6  Angelo Paccione.
7      I made inquiries, and as I understand matters and
8  having reviewed the file and spoken to the assistant United
9  States attorney involved in the investigation, there was an
10 active investigation within the United States Attorney's office
11 up until only early in 1990, at which point in time, for a
12 variety of reasons, there was no longer an active investigation
13 ongoing in the office.  And, among other things, that
14 particular assistant United States attorney left the office on
15 maternity leave.
16      The investigation did not pick up again within our
17 office until the DeCavalcante investigation, which really got
18 underway in late 1997 or early 1998.
19      THE COURT:  I am asking these questions because I was
20 in the U.S. Attorney's office for the Southern District of New
21 York between December of '91 and January of '94 and I will not
22 preside over any case that was active in the office during the
23 time that I was in the office, whether it was in the civil or
24 criminal division, whether or not I have personal knowledge of
25 the case.

```
                                                                 6
     26k5valc
                             Conference
1            So, I will ask defense counsel and the government to
2    consult with each other and let me give you those dates again.
3    It's December '91 to January of '94.
4            MR. HILLEBRECHT:  Your Honor, what I propose is that I
5    give a more precise delineation of our understanding of when
6    the U.S. Attorney's office ceased its active investigation,
7    both to the Court and to counsel.
8            THE COURT:  Okay.  I don't think this is implicated,
9    but I had an earlier stint in the U.S. Attorney's office from
10   '77 to spring of '85.
11           MR. HILLEBRECHT:  I have no reason to think that that
12   time period is implicated at all, your Honor.
13           THE COURT:  Okay.  Tell me what the government's plan
14   is with respect to discovery.
15           MR. HILLEBRECHT:  Your Honor, the plan is as follows,
16   and again, unfortunately it is a little more complicated than
17   it often is.
18           The discovery in this case really comes in in two
19   tiers, there is discovery directly related to this recent phase
20   of the investigation into these individuals which consists of
21   some consensual tape recording, some fairly recent Title III
22   intercepts, a lengthy bunch of intercepts involving the
23   DeCavalcante family as to which some of these defendants are
24   discussed in detail but are not intercepted, some surveillance
25   fairly recently and other things of that sort.

               SOUTHERN DISTRICT REPORTERS, P.C.         (212) 805-0300
```

26k5valc
Conference

1         That we are going to be producing on a rolling basis
2    very promptly.
3         In addition, as alleged in the indictment, these
4    defendants have been members and or associates of the Gambino
5    family for quite a long time and they have been targeted in
6    multiple investigations in various jurisdictions over the
7    years.  We have been, for the last several weeks, in the
8    process of gathering for the various databases, information
9    about Title III interception as to those defenses and we will
10   be producing those as they become available to us.
11        At the moment, based on what we know, based on this
12   prosecution team, we have no intention to use virtually any of
13   that earlier wiretap investigation.  We expect to use some of
14   it but very little of it, and we expect we will be in position
15   to tell defense counsel that as to specific individual wires we
16   are not going to use that in this particular case.  The problem
17   is that process is going to take a long time to some extent.
18        What we are requesting from the from the Court is six
19   weeks time in which we expect to produce the majority of that
20   material that I indicated exists.
21        I guarantee the Court, unfortunately given some of my
22   recent experiences, that it is likely there may be older wire
23   taps, specifically from other jurisdictions, that we won't be
24   able to get it straightened out, or our hands on it in that
25   time frame.

```
                                                              8
        26k5valc
                          Conference
1               But my expectation is the more difficult it is to get
2       the much less likely it is that it will be relevant to this
3       case.
4               THE COURT:  If I understand you correctly, you expect
5       to make the Rule 16 disclosures of evidence you would be
6       offering at trial within the next six weeks.  There may be
7       additional disclosures beyond that?
8               MR. HILLEBRECHT:  Yes, your Honor.  And it may be that
9       some of those additional disclosures of a very limited nature
10      would determine what we will be offering at trial.  But
11      everything we are able to get our hands on that we have any
12      intention of using we expect to be in a position to produce
13      within six weeks.
14              THE COURT:  Okay, that's August 2 for the bulk of the
15      discovery production by the government.
16              Let's move to the arraignment and then we will deal
17      with some scheduling issues.  I would ask the two defendants
18      and their counsel to stand.
19              Mr. Vallario, have you received a copy of the
20      indictment?
21              DEFENDANT VALLARIO:  Yes, I did, your Honor.
22              THE COURT:  Do you wish me to read it to you?
23              DEFENDANT VALLARIO:  No, your Honor.
24              THE COURT:  How do you plead; guilty or not guilty?
25              DEFENDANT VALLARIO:  Not guilty, your Honor.
```

```
                                                                 9
     26k5valc
                         Conference
 1              THE COURT:  Thank you.  You may be seated.
 2              Mr. DiLeonardo, have you received a copy of the
 3    indictment?
 4              DEFENDANT DiLEONARDO:  Yes I have, your Honor.
 5              THE COURT:  Do you want me to read it to you?
 6              DEFENDANT DiLEONARDO:  No thank you.  It is not
 7    necessary.
 8              THE COURT:  How do you plead; guilty or not guilty?
 9              DEFENDANT DiLEONARDO:  Not guilty.
10              THE COURT:  I want to advise both of the defendants of
11    certain rights that they have.  You have the right to remain
12    silent.  You are not required to make any statements.  Anything
13    you do say can be used against you.  Even if you have already
14    made statements to the authorities you need not make any
15    further statements.
16              Do you understand that, Mr. Vallario?
17              DEFENDANT VALLARIO:  Yes, I do, your Honor.
18              THE COURT:  Do you understand that, Mr. DiLeonardo?
19              DEFENDANT DiLEONARDO:  Yes, I do.
20              THE COURT:  You have the right to be represented by
21    counsel during this court proceeding and any future court
22    proceedings and any time you are questioned by authorities.  If
23    you cannot afford an attorney, I will appoint an attorney to
24    represent you.
25              Do you understand that, Mr. Vallario?

              SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300
```

```
                                                                    10
       26k5valc
                              Conference
 1             DEFENDANT VALLARIO:  Yes, I do, your Honor.
 2             THE COURT:  Do you understand that, Mr. DiLeonardo?
 3             DEFENDANT DiLEONARDO:  Yes, I do, your Honor.
 4             THE COURT:  Let's talk about schedule.  For a variety
 5   of reasons I don't think it makes sense for us to set a trial
 6   date today.  One, I want to make sure that I'm going to be the
 7   judge that keeps the case; and I think the government needs
 8   more time to look at those issues and be able to make
 9   representations to me.  And I think it is the judge who is
10   going to preside over the trial who should set the date.
11             Secondly, I think it makes more sense to have all four
12   defendants with their attorneys present before we set a trial
13   date, but I think we can set, in a preliminary way, a motion
14   schedule.  The only motions that readily appear possible to be
15   made are, again, some of the Title IIIs if the government is
16   going to offer that evidence.
17             I remind counsel, and I am sure you are conscious of
18   this, that there should be no discovery motions whatsoever
19   unless you have complied with the local Southern District rule
20   with respect to discovery motions in criminal cases.
21             You must have explored the discovery problem.  Should
22   you perceive there are any with the government, first try to
23   resolve those problems informally.  And only after you are
24   unable to do so may you make a motion.  Those motions can be
25   brought at any time.
```

```
                                                                    11
   26k5valc
                       Conference
1              But, if you are going to challenge the Title IIIs or
2    believe you have any other motion to suppress, I think we
3    should set a motion schedule for sometime in September.  You
4    will have had the summer to look at the discovery materials and
5    I think that makes sense as a schedule for a motion practice.
6              Do you agree, Mr. Stavis?
7              MR. STAVIS:  No, respectfully I do not, your Honor.  I
8    understood that Mr. Hillebrecht was going to make the Title III
9    material available in August in six weeks, was that correct?
10   August 2nd was it?
11             MR. HILLEBRECHT:  I'm going to make it available as I
12   get it in my possession on a rolling basis with representation
13   that the vast majority of everything will be produced by August
14   2nd.
15             MR. STAVIS:  Depending upon the extent of the Title
16   III, Mr. Hillebrecht has not made a representation as to the
17   length that the wire tap was up.  As your Honor is well aware,
18   we have not only reams of applications but line sheets and
19   other issues to take up before we could even be in a position
20   to make a motion under Title III.
21             So, most respectfully, your Honor, I thought that that
22   schedule really didn't give sufficient time to the defense to
23   be able to make motions.
24             THE COURT:  Okay.  Well, as I understood you,
25   Mr. Hillebrecht, tell me if I am wrong, there are Title IIIs
```

26k5valc                                                                    12
                              Conference

1    that you are aware of and that were part of the investigation

2    that directly resulted in this indictment, and I take it you

3    are in a position to make available the affidavit supporting

4    those wire tap orders on an earlier rather than later basis?

5             MR. HILLEBRECHT:  Your Honor, you understood

6    absolutely correct.  Yes.  I would anticipate, certainly as to

7    the one that this team directly participated in, we will be

8    making discovery early next week.

9             As to the other one, I have got to get it but it's in

10   our office in Southern District, so I anticipate maybe by the

11   end of next week.

12            THE COURT:  So, we will have motions on September 20th

13   and opposition due October 11th.

14            I am going to assume there is no reply.  If defense

15   counsel wish to make a reply you absolutely can, but let me

16   know immediately, otherwise I'm going to assume it is fully

17   submitted as of October 11th.

18            Any reply, if you wish to make one, would be due

19   October 18 but it's not necessary to submit a reply.

20            MR. STAVIS:  Your Honor, did I understand

21   Mr. Hillebrecht as stating that it is the two Southern District

22   wire taps that he is disclosing and that the other, what he

23   referred to as the DeCavalcante wire taps would be disclosed

24   later?

25            MR. HILLEBRECHT:  No.  One of the two is the

                                                                        13
       26k5valc
                            Conference
1      DeCavalcante wire taps, it was a Southern District of New York
2      wire tap.
3              MR. STAVIS:  Thank you, your Honor.
4              THE COURT:  Mr. Franz, I moved too fast here.  Does
5      this schedule meet with your approval?
6              MR. FRANZ:  Yes, subject to the way the disclosure
7      comes in and what we ultimately receive.  I imagine if what we
8      ultimately receive might require more time to review we will
9      notify the Court and seek some kind of accommodation.
10             THE COURT:  Thank you.
11             As soon as the other two defendants arrive in the
12     District I will hold another conference for all four defendants
13     and set a trial date, so I would ask the government to advise
14     me promptly when they have arrived.
15             I would also like to put a time frame around a
16     decision as to whether I should be in this case or out so that
17     we can get it transferred to a new judge promptly, if that is
18     the appropriate course of action here.
19             Will the government be able to review its files and
20     gather pertinent information with respect to this issue within
21     the next week?
22             MR. HILLEBRECHT:  Yes, Judge.
23             THE COURT:  So, even though I would like to resolve
24     this quickly, I want to make sure that the other two defendants
25     have an opportunity to participate in whatever is happening

                  SOUTHERN DISTRICT REPORTERS, P.C.        (212) 805-0300

```
                                                                  14
     26k5valc
                           Conference
1    here, so why don't we hope that the government can make some
2    kind of factual representations a week from Friday.  And
3    depending what it is and what we know about the arrival of the
4    other two defendants in the district I will try to set a
5    schedule that seems appropriate to those circumstances.
6              Depending on what the government's submission is I may
7    be -- as a factual matter to me -- I may be automatically
8    recusing myself.  If there is going to be some dispute or
9    further inquiry I want to make sure that all defendants have an
10   opportunity to participate in it.
11             So, we will just take this one step at a time.  I
12   think that brings us to the last two issues, bail and speedy
13   trial act issues, probably.
14             Is there an agreement with respect to bail for these
15   two defendants?
16             MR. HILLEBRECHT:  There is not, your Honor.  The
17   government is seeking detention on both grounds.  It's my
18   understanding, having discussed it with defense counsel, that
19   neither party is prepared to go forward today.
20             THE COURT:  Okay.
21             MR. FRANZ:  That's correct, your Honor.
22             THE COURT:  So currently they're in custody.
23             MR. HILLEBRECHT:  That's correct, your Honor.
24             THE COURT:  So there is a consent to a remand for
25   today with a reservation of a right to a hearing and bail
```

```
                                                                 15
     26k5valc
                              Conference
1    application, is that what I understand?
2              MR. FRANZ:  Yes, your Honor.
3              MR. STAVIS:  That's correct, your Honor.
4              The issue of a detention hearing and the timing of a
5    detention hearing would perhaps be influenced by your Honor's
6    decision as to whether you will feel constrained to recuse
7    yourself from sitting on this case.
8              And I don't know if it is your Honor's ordinary
9    practice to handle detention hearings or to send them to the
10   magistrate.  I don't know what your Honor's practice is.
11             THE COURT:  I normally keep them myself when it is an
12   indicted case when the case has been wheeled out to me.
13             I am not available next Monday, Tuesday and Wednesday,
14   I'm at a judicial conference, so I would be scheduling, if you
15   wanted, a hearing for next Thursday.
16             If you want to put that off, that's fine, and make it
17   after other issues are resolved.
18             MR. STAVIS:  We would ask the Court to schedule the
19   detention hearing for Thursday.  At that point Mr. DiPietro,
20   who will be representing Mr. Vallario for all purposes, will be
21   here and in a position to make a decision as to whether to
22   further postpone the hearing.  But I would like and would
23   appreciate it if the Court would schedule the hearing for
24   Thursday.
25             THE COURT:  Okay.  Let's do it at 9:00 on the 27th.
```

                                                                  16
        26k5valc
                            Conference
1    And if the defendants decide to postpone, please let

2    Ms. Sanchez know as soon as that decision is made.

3              MR. STAVIS:  We will do that, your Honor.

4              THE COURT:  Thanks.

5              Mr. Franz, what is your client's desire here?

6              MR. FRANZ:  My client's desire right now is to

7    postpone the hearing.  The earliest date I'm available after

8    next Thursday would be July 2nd in the morning because I'm

9    going to be on trial starting next Thursday, Friday, Monday and

10   Tuesday, but Tuesday we would be recommencing in the afternoon.

11             I would like to schedule it for 10:00 a.m. on the 2nd.

12             THE COURT:  I can do it on the 3rd.  I have a trial on

13   the 1st and 2nd.  I mean, I would have to fit you in at

14   lunchtime.

15             MR. FRANZ:  I understand.  On the 3rd at what time?

16             THE COURT:  I have a lot of flexibility that day.  I

17   could do it at 10:30 or I could do it in the afternoon.

18             MR. FRANZ:  Why don't we say 10:30 for now.

19             THE COURT:  Okay.  I think it may be appropriate here

20   to exclude time until October 11th, given our schedule, which

21   is the date for the submission of the government's opposition

22   to motions.  There are some automatic exclusionary periods that

23   might apply thereafter if there are motions.

24             Is there any objection to excluding time at this point

25   until October 11th?

```
                                                                    17
    26k5valc
                            Conference
1               MR. STAVIS:  No objection, your Honor.
2               MR. FRANZ:  None here, your Honor.
3               THE COURT:  I am going to exclude time from today
4     until October 11th pursuant to the speedy Trial Act, Title 18,
5     United States Code, Section 3161(h)(8)(A).  I find that such an
6     exclusion to be in the interest of justice and to outweigh the
7     interests of the defendants and the public in a speedy trial,
8     to permit discovery to be made and evaluated, motion practice,
9     receipt of other two defendants in this district, which is an
10    automatic exclusion.  Also, for some further information for
11    this Court about whether or not recusal is appropriate and to
12    permit the defendants an opportunity to begin to evaluate
13    whether or not a plea is appropriate or otherwise to begin
14    their preparation for trial.
15              for all of these reasons I find the exclusion is
16    justified.
17              Is there anything else we should do today?
18              MR. STAVIS:  Your Honor, I have an issue or a concern.
19    My client has a heart condition and takes several prescription
20    medications including Lipitor and Blocadren.  I don't know how
21    the marshal service handles that.  I have his prescriptions
22    here in the courtroom and I would just ask that whatever needs
23    to be done to facilitate him having his medication, be done.
24              I don't know if I can hand it to the marshals or how
25    it works.

                SOUTHERN DISTRICT REPORTERS, P.C.          (212) 805-0300
```

```
                                                                     18
    26k5valc
                           Conference
1             THE COURT:  I don't either.  Why don't you consult
2    with the government or with the marshals for the district.
3    There are probably procedures that apply here.
4             MR. STAVIS:  Okay, I am informed by the marshal that
5    they will take his prescriptions now.  Thank you, your Honor.
6             THE COURT:  Can you think of anything else we should
7    do?
8             MR. HILLEBRECHT:  Two matters, your Honor.  First I
9    misspoke, the writs ad prosequendam have not been filed, they
10   can't be until the indictment is unsealed which happened a few
11   hours ago.  It will be done today.
12            Secondly, the information given to the Court as to the
13   Weiss investigation I will give to the parties and Court when I
14   have it.  I won't even wait until next Friday.  It may ease
15   things for the detention hearing.
16            THE COURT:  Thank you.  Thank you, all.
17            MR. STAVIS:  Thank you, your Honor.
18                              o0o
19
20
21
22
23
24
25

              SOUTHERN DISTRICT REPORTERS, P.C.         (212) 805-0300
```