UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA                    :

   - v. -                                                      :         S3 17 Cr. 89 (CS)

MATTHEW MADONNA,                              :
STEVEN L. CREA,
   a/k/a "Stevie,"                                      :
   a/k/a "Stevie Wonder,"
   a/k/a "Herbie,"                                      :
STEVEN D. CREA,
   a/k/a "Stevie Jr.,"                                 :
CHRISTOPHER LONDONIO, and
TERRENCE CALDWELL,                            :
   a/k/a "T,"
                                                                      :
                Defendants.
                                                                      :
------------------------------------------------------------x

**PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York
                                        One St. Andrew's Plaza
                                        New York, New York 10007

Hagan Scotten
Celia Cohen
Alexandra Rothman
Assistant United States Attorneys
    *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
|    - v. - | :   17 Cr. 89 (CS) |
| MATTHEW MADONNA, | : |
| STEVEN L. CREA, | |
|    a/k/a "Stevie," | : |
|    a/k/a "Stevie Wonder," | |
|    a/k/a "Herbie," | : |
| STEVEN D. CREA, | |
|    a/k/a "Stevie Jr.," | : |
| CHRISTOPHER LONDONIO, and | |
| TERRENCE CALDWELL, | : |
|    a/k/a "T," | |
| | : |
|                 Defendants. | |
| | : |

------------------------------------------------------------x

## PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning, in private if necessary, if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude by asking whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendants.

## I. SUMMARY OF THE CASE

This is a criminal case. The defendants, MATTHEW MADONNA, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," STEVEN D. CREA, a/k/a "Stevie Jr.," CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a "T," are charged with federal crimes in an Indictment returned by a grand jury sitting in this District.

The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I would now like to summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury in a fair and just manner.

[*We will supplement our description of the charges once the new indictment is returned, which we expect to occur very soon.*]

## II. KNOWLEDGE OF EVENTS

1. Do you have any personal knowledge of the charges as I have described them?

2. Have any of you heard, read, or seen anything about this case? If so, is there anything that you have heard, read, or seen that for any reason would prevent you from rendering a fair and impartial judgment in this case?

## III. NATURE OF THE CHARGES

3. Do you feel that you could not fairly and impartially sit as a juror in a case involving such charges?

4. Have any of you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be a crime, or that the law governing these offenses

should not be enforced, or that these crimes should not be prosecuted by the United States government?

5. As I mentioned, several of the charges concern a racketeering enterprise named in the Indictment as La Cosa Nostra. These charges involve organized crime (i.e., mafia). Does the fact that the charges involve organized crime make it difficult for any juror to render a fair verdict? Does any juror feel that he or she could not fairly or impartially decide a case involving such charges?

6. In this case, you may hear evidence of shootings of individuals involved in the mafia, and you may hear evidence that the shootings were motivated by the intended victims' status as members or associates of the mafia. Do any of you believe that an individual should not be punished for taking part in such a shooting, where the intended victim was a member or associate of the mafia or if the shooting was motivated by the shooter's desire to further his status in the mafia?

7. Do you read the news about organized crime, or alleged crimes committed by members of organized crime (i.e., mafia)? If so, will anything that you have read or seen affect your ability to be fair and impartial in this case?

8. The charges also involve murder, attempted murder, assault, and attempted assault; witness retaliation; the importation and distribution of drugs including cocaine, heroin, marijuana and oxycodone; illegal gambling operations; money laundering; robbery; wire and mail fraud; extortion and extortionate debt collection (also known as loansharking); money laundering; and trafficking in untaxed cigarettes. Does the fact that the charges involve these crimes make it difficult for any juror to render a fair verdict? Does any juror feel that he or she could not fairly or impartially decide a case involving such charges?

9. Do you have any opinion about the laws concerning any of these crimes that might prevent you from being fair and impartial in this case?

10. Do you have an opinion that conspiracy should not be a crime?

11. Do you own a gun? Have you ever received training in the use of guns?

12. Does the fact that the charges involve the alleged illegal use of guns affect your ability to render a fair verdict? Do you have any opinion about the enforcement of the federal firearms laws that might prevent you from being fair and impartial in this case?

13. Have you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to drugs or firearms? If so, when and in what way?

14. As to any of these crimes, do you have strong policy views on these crimes that would make it difficult for you to follow my instructions on the law and to base your verdict solely on the evidence in this case?

15. Have you, any member of your family, or any of your close friends had any experience of any kind, directly or indirectly, with organized crime? Have you, any member of your family, or any of your close friends ever belonged to an organized that was influenced by organized crime, or alleged to be influenced by organized crime?

16. As I noted, the charges involve murder, attempted murder, assault, and attempted assault; witness retaliation; the importation and distribution of drugs including cocaine, heroin, marijuana and oxycodone; illegal gambling operations; money laundering; robbery; wire and mail fraud; extortion and extortionate debt collection (also known as loansharking); money laundering; and trafficking in untaxed cigarettes. Have you been involved in an offense

involving any of these crimes? Do you have any relatives or close friends that have been involved in any such offenses, including as victims?

## IV. <u>KNOWLEDGE OF THE TRIAL PARTICIPANTS</u>

17.   As I have said, the defendants in this case are MATTHEW MADONNA, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," STEVEN D. CREA, a/k/a "Stevie Jr.," CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a "T." [*Ask the defendants to please stand*.] Do any of you know, or have you had any dealings, directly or indirectly, with any of the defendants, or with any relative, friend, or associate of the defendants? To your knowledge, do any of your relatives, friends, associates, or employers know the defendants?

18.   The Government is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York, who is Geoffrey S. Berman. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Hagan Scotten, Celia Cohen and Alexandra Rothman. [*Ask the AUSAs to please stand*.] With them at counsel table is Theodore Otto, a Special Agent with the FBI. [*Ask the Special Agent to please stand*.] The government also will be assisted by Shannon Becker, a paralegal with the United States Attorney's Office. [*Ask Ms. Becker to please stand*]. Do any of you know any of these individuals, or have you had any dealings, either directly or indirectly, with any of them? Have any of your family members had any dealings either directly or indirectly with any of these individuals?

19.   Defendant MATTHEW MADONNA is represented by Andrew Patel and Joshua Dratel. [*Please ask counsel to stand*] Do you know these attorneys? Have you had any dealings, either directly or indirectly, with Mr. Patel or Mr. Dratel?

6

20. Defendant STEVEN L. CREA, who, again I will refer to as "CREA Sr.", is represented by Barry Levin and Anthony DiPietro. [*Please ask counsel to stand*] Do any of you know these attorneys? Have you had any dealings, either directly or indirectly, with Mr. Levin or Mr. DePietro?

21. Defendant STEVEN D. CREA, who I have referred to as CREA Jr., is represented by Joseph DiBenedetto and Seth Ginsberg. [*Please ask counsel to stand*] Do any of you know these attorneys? Have you had any dealings, either directly or indirectly, with Mr. DiBenedetto or Mr. Ginsberg?

22. Defendant CHRISTOPHER LONDONIO is represented by John Meringolo of Meringolo & Associates, P.C., and Louis Freeman and Nadjia Limani of Freeman Nooter & Ginsberg. [*Please ask counsel to stand*] Do any of you know these attorneys? Have you had any dealings, either directly or indirectly, with Mr. Meringolo, Mr. Freeman, Ms. Limani or their law firms?

23. Defendant TERRENCE CALDWELL is represented by George Goltzer, Allen Haber, and Ying Stafford. [*Please ask counsel to stand*] Do any of you know these attorneys? Have you had any dealings, either directly or indirectly, with Mr. Goltzer, Mr. Haber, or Ms. Stafford?

24. Do any of you know, or have any of you have any dealings, either directly or indirectly, with any of the following individuals or locations who may be called as witnesses or whose names may come up during the trial?

[*Names and places to be provided on a separate list*]

## V.     RELATIONSHIP WITH GOVERNMENT

25.     Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York or the FBI?

26.     Are you or any family member or close friend employed by any other federal department or agency, any law enforcement agency, or prosecutor's office, whether federal, state or local?

27.     Are you or any family member or close friend employed as a law clerk, court personnel, probation officer, or person connected with any court, correctional institution, or jail?

28.     Have you – either through any experience you have had or anything you have seen or read – developed any bias or prejudice for or against the United States Attorney's Office or the FBI or any law enforcement agency, whether federal, state, or local?

29.     Have you, or has any member of your family, either as an individual or in the course of your business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute or its outcome?

30.     Have you, a family member, or close friend ever attended law school or worked as a lawyer? If so, have you, a family member, or close friend ever practiced law in the area of criminal defense or prosecution?

## VI. PRIOR JURY SERVICE

31. Have you ever served as a juror before in any type of case? If so, please state whether the case was in state or federal court, whether it was a civil or criminal matter, and, without telling us what the verdict was, whether a verdict was reached.

32. Have you ever served as a grand juror? If so, please indicate where and when you served, and describe, in general terms, the kind of cases you heard.

33. For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

## VII. EXPERIENCE AS A WITNESS, DEFENDANT, OR CRIME VICTIM

34. Have you or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a congressional or state legislative committee, licensing authority, or governmental agency, or been questioned in any matter by any federal, state, or local law enforcement agency?

35. Have you or any relative or close friend ever been a witness or a complainant in any hearing or trial, whether state, local, or federal?

36. Are you, or is any member of your family, or a close friend, now under subpoena, or to your knowledge about to be subpoenaed in any criminal case?

37. Have you, or has any member of your family, or associate or close friend, ever been convicted of a crime?

38. Have you or any relative or close friend or associate ever been arrested or charged with a crime?

39.     Have you, or has any member of your family, or associate or close friend ever been the subject of any investigation or accusation by any grand jury, or questioned regarding an investigation?

40.     Are you or any member of your family now under subpoena, or, to your knowledge, about to be subpoenaed in any criminal case?

41.     Have you, or has any member of your family, or associate or close friend ever been a victim of a crime or ever pressed charges against someone, or tried to press criminal charges against someone?

42.     Is there anything about that experience that could affect your ability to be fair and impartial in this case?

43.     This trial may include evidence of acts of violence or threats to commit violence. Have you, or has any member of your family, or associate or close friend been the victim of violence or threats of violence?

## VIII.    VIEWS REGARDING WITNESSES AND INVESTIGATIVE TECHNIQUES

44.     The witnesses in this case will include law enforcement personnel, including Special Agents of the FBI and members of the New Yok City Police Department.  Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?  Can each of you agree to consider testimony from such witnesses fairly and impartially?

45.     You may hear testimony in this case from one or more cooperating witnesses, that is, witnesses who at one time were involved in illegal activity, but who have now pleaded guilty to crimes and are testifying in the hope of receiving a lower sentence.  I instruct you that the use of cooperating witnesses is perfectly legal and is often a necessary law enforcement tool.  I also instruct you that just because a person has admitted to committing crimes does not mean that

they are incapable of providing a truthful version of what happened. The question is not whether you end up liking or disliking the cooperating witness or the crimes that person has committed. The question with respect to a cooperating witness is the same as it is for any other witness: whether you think he is telling the truth. Do any of you have any feelings about the use of cooperating witnesses that would make it difficult for you to follow my instructions in this regard and render a fair and impartial verdict if you heard testimony from a cooperating witness? Would you have any bias for or against the Government because of evidence obtained in this manner?

46. You will hear evidence in the form of audio recordings of telephone conversations and meetings, which were obtained without the knowledge of certain parties to the conversations. You will also hear evidence in the form of wiretaps, which were obtained without the knowledge of all parties to the conversations. These so-called consensual recordings and wiretaps were lawfully obtained. The use of these procedures to gather evidence is lawful, and the parties are entitled to use the recordings in this case. Do you have any feelings about the use of consensual recordings or wiretaps that would make it difficult for you to render a fair and impartial verdict?

47. Some of the evidence in this trial was obtained through searches conducted by law enforcement officers. I instruct you that none of these searches violated the defendants' rights. It is proper for this to be introduced at trial for your consideration. Do you have any feelings or opinions about the use of evidence obtained in law enforcement searches that could affect your ability to be fair and impartial in this case?

48. Do you have any expectations about the types of evidence that the Government might present in a criminal trial? I will instruct you that the Government is not required to use

any particular technologies or techniques when investigating and presenting evidence of a crime. Would you be able to follow this instruction?

49. You may hear testimony in this case by expert witnesses. Let me advise you that the use of expert testimony is proper in the context of this case. Has any juror had any experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a wholly fair and impartial verdict?

## IX. PERSONS NOT ON TRIAL

50. You may hear evidence that other individuals, in addition to the defendants, were involved in the alleged crimes. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the Government or the defendants on trial from that fact. You may also not speculate as to the reason why other persons are not on trial in this case. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

## X. TRIAL ADMINISTRATION

51. I expect this trial to take approximately two months. Do any of you have any physical, mental, psychological, or personal problems that would prevent you from serving in this case for the time period that I have indicated?

52. Do any of you have any difficulty with your sight or hearing that could affect your ability to follow these proceedings?

53. Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

54. Do any of you have any difficulty understanding or reading the English language?

55. Do any of you have any religious, moral, or ethical beliefs that would prevent you from passing judgment on another person or determining the credibility of any witness?

56. Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice, positive or negative, based on race, national origin, or ethnicity that may inhibit your ability to be a fair and impartial juror in this case?

57. I don't know if the case will generate any publicity, but if it does, each juror must absolutely avoid reading about this case in the newspapers or on the Internet or social media outlets or listening to any radio or television reports concerning the case until after it is over. Will you be able to follow this instruction?

58. To the extent that this case has already generated media coverage, each juror must avoid reading past news stories. Will you be able to follow this instruction?

## XI. <u>FUNCTION OF THE COURT AND JURY</u>

59. The function of the jury is to decide questions of fact. You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders. However, when it comes to the law you must take your instructions from the Court and you are bound by those instructions. Is there any juror who cannot follow this instruction?

60. Under the law, the facts are for the jury to decide and the law is for the Court. The two areas are separate and distinct. At the end of the case, I will instruct the jury on the law, and the jury is required to accept and apply the law as I explain it. If you are on the jury, you must accept the law as I explain it, even if you disagree with my explanation of the law. Do any of you believe that you would have any difficulty following this instruction?

61. You may not substitute your notions of what the law is or what you think it should be for the instructions I give you. At the conclusion of the case, your job will be to determine whether or not each defendant is guilty as charged in the Indictment. Is there any juror who cannot follow this instruction?

62. A defendant in a criminal case has the right not to testify. If a defendant here does not testify, the jury may not draw any inference against that defendant based on his decision. The fact that a defendant chooses not to testify may not enter into the jury's deliberation at all. Would you have any difficulty accepting this rule of law?

63. Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in the indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves that defendant's guilt beyond a reasonable doubt. Would you have difficulty accepting and applying this rule of law?

64. In a criminal case the burden of proof remains with the prosecution. For the jury to return a verdict of guilty against a defendant, the prosecution must prove beyond a reasonable doubt that a defendant is guilty. A person charged with a crime has absolutely no burden to prove that he is not guilty. Would you have difficulty accepting and applying this rule of law?

65. You are required by law to make your decision based solely on the evidence or lack of evidence presented in court, and not on the basis of conjecture, suspicion, sympathy, or prejudice. Would you have difficulty accepting and applying this rule of law?

66. As you consider whether the Government has met its burden of proof, you must consider each defendant separately, based only on the evidence or lack of evidence applicable to that particular defendant. You may find that the Government has met its burden for one

defendant and not the other. Would you have any difficulty evaluating each defendant separately?

67. Do you have any legal training, or have any relative or close friend who is an attorney? If so, would this for any reason prevent you from applying the law in this case as stated by the Court? Will you accept my instruction that you are not to discuss the case with anyone, including attorneys you may know, until you are excused as a juror?

68. Will you accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberation of the jurors as to whether each defendant on trial here is guilty?

69. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Do you feel that even if the evidence established a defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

70. Under your oath as a juror, you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves is: where do you find the truth? The only victory in any case is where the truth has triumphed. If it has, then justice has been done. If not, justice will not have been done. You are to determine the guilt or innocence of a defendant solely on the basis of the evidence and subject to the law as I have charged you. Will you accept my instruction that you are not to be swayed by sympathy of any kind?

## XII. OTHER BIASES

71. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior questions, does

any juror have the slightest doubt in his or her mind, for any reason whatever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

### XIII. JUROR'S BACKGROUND

72. The Government respectfully request that the Court ask each juror to state the following information:

    a. the juror's occupation;

    b. the name of the juror's employer;

    c. the period of employment with that employer;

    d. the nature of the juror's work;

    e. the same information concerning other employment within the last five years;

    f. the same information with respect to the juror's spouse and any working children;

    g. the area in which the juror currently resides and any other area in which the juror has resided during the last five years;

    h. whether the juror owns his or her own home, and, if owned, how long the juror has owned his or her home;

    i. the educational background of the juror, including the highest degree obtained;

    j. newspapers and magazines regularly read by the juror;

    k. television programs regularly watched by the juror;

    l. websites regularly viewed by the juror;

    m. social media websites, such as Facebook, Twitter, or YouTube, used by the juror on a regular basis; and

n.  the names of any clubs or associations to which the juror belongs.

## XIV. REQUESTED INSTRUCTIONS FOLLOWING IMPANELING OF THE JURY

73.  From now until you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. This rule includes discussions even with other jurors and family or friends.

74.  You are not to visit any crime scenes or locations mentioned during the trial. Nor are you to Google or otherwise research any aspect of this case including any of the underlying facts regarding the crimes that are the subject of this trial.

75.  Further, you are not to post anything regarding the trial or your thoughts on the trial on Facebook, Twitter, Instagram, Snapchat, or any other form of social media until the trial concludes. You must not use any such tools to communicate electronically with anyone about the case. You may not communicate about the case through email, text messaging, on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking website. Indeed, you are not to discuss this case at all until you are deliberating in the jury room.

76.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you must not speak with that person, and must immediately report such an attempt to me.

77.  In this regard, let me explain to you that the attorneys and defendants are not supposed to talk to jurors, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

78.	In this connection, when the Court is in recess, please stay either in the jury room or somewhere outside courtroom.  Please do not wait in the courtroom.

79.	If anything should happen involving any of you that is of an unusual nature, or which you think is something the Court should be told about, do not discuss it with any other juror.  Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say.  Of course, I do not expect anything unusual or improper to happen.

Dated:	White Plains, New York
	July 30, 2019

						Respectfully submitted,

						GEOFFREY S. BERMAN
						United States Attorney for the
						Southern District of New York


			By:		_____/s/_____
						Hagan Scotten
						Celia Cohen
						Alexandra Rothman
						Assistant United States Attorneys
						(212) 637-2580