UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                          ORDER

MATTHEW MADONNA, *et al.*,                 17-CR-89 (CS)

                 Defendants.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Crea's August 25, 2019 application for an order requiring the Government to identify the basis for admission of statements identified in its July 8 letter, and allowing Defendants to move to exclude such statements seven days thereafter.[1]

      I am baffled by Defendant Crea's application for several reasons.  First, he bases it on my August 21, 2019 order, in which I allowed Defendant Londonio to make belated motions, limited to ten pages, addressed to recordings.  I did not say that any other Defendant could do so.

      Second, the schedule I set – disclosure by the Government on July 8, followed by motions *in limine* on July 19 – was proposed *by "all Defendants*."  (Doc. 650.)[2]  I do not understand why now, over six months after the schedule was set at Defendants' request and over a month after the deadline they proposed, I am first hearing from Defendant Crea that this schedule is "neither tenable nor proper."

      Third, while Defendant Crea seems to argue that he cannot make motions to exclude without more information from the Government, I am sure the process is familiar to his experienced counsel.  If the Government intends to offer a statement for its truth, and defense counsel – with the benefit of the Court's previous decisions in the case – believe that it is hearsay

---

[1] Defendant Crea should file his letter on the ECF system.

[2] Defendants proposed that the Government identify by July 8 co-defendant statements and recordings not previously identified that the Government will seek to introduce at trial (*See* Doc. 650.)  The Government countered that it would identify by that date recordings as to which it intended to move *in limine* in the second round.  (*See* Doc. 651.)  The Court ordered that the Government identify by that date previously unidentified recordings that it intended to offer at trial and previously unidentified out-of-court co-defendant or co-conspirator statements as to which it intended to move *in limine* in the second round.  (*See* Doc. 655.)  The universe of materials the Court ordered to be disclosed was thus larger than what the Government had proposed but smaller than what Defendants had proposed.  Defendants thus had less material than expected to review before their requested deadline for motions *in limine*.

not covered by an exception, or that it is irrelevant under Rule 401, or that its probative value is substantially outweighed by its prejudicial effect under Rule 403, or that there are other grounds to move to exclude it, they make a motion. The Government then responds, and the Court rules. There is no requirement that the Government provide its theory of admissibility when it identifies its proposed trial exhibits or out-of-court statements it plans to offer.

      Fourth, I did not say that trial objections would be waived as to statements the defense did not move to exclude. The Government will still have to provide a proper foundation at trial, and the defense will have the opportunity to object. In the absence of a motion *in limine*, neither side will have a ruling in advance, and they may risk a less thoughtful ruling, as it will come mid-trial, but that is their choice.

SO ORDERED.

Dated: August 26, 2019
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.