

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*300 Quarropas Street*
*White Plains, New York 10601*

March 28, 2020

**By ECF**
The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re:**   *United States v. Steven L. Crea*, S18 17 Cr. 89 (CS)

Dear Judge Seibel:

  The Government respectfully requests that the Court enter the attached Preliminary Order of Forfeiture as to Specific Assets/Money Judgment, which includes a money judgment in the amount of $2,488,000.00 against the above defendant. That figure represents property that afforded the defendant a source of influence over the racketeering enterprise charged in Count One and proceeds received by the defendant derived from the racketeering activities also charged in Count One, and was calculated as follows: *First*, the testimony of FBI forensic accountant Stephen Gorozdi established that Crea extended a loan of approximately $1.3 million (property that afforded the defendant a source of influence over the enterprise) and received, in addition to return of the principal, approximately $1.1 million in interest (proceeds received by the defendant from racketeering activity) as part of his participation in the Luchese Family. (*See* GX 1403; Tr. 3272:2-9). *Second*, the testimony of cooperating witness Robert Spinelli, and consensual recordings he and other witnesses made, established that Crea received at least $188,000 in payments from the extortion of Joseph Datello, constituting proceeds received by the defendant from racketeering activity. (*See* Tr. 1835:1-25; GX 702A lns 758-1019; GX 704A; GX 712A; GX 713A; GX 715A).[1]

  The allegations in the Indictment and the jury's verdict on Count One support the proposed order. Through the forfeiture allegation of the Indictment, the Government provided sufficient notice "that the United States will seek forfeiture as part of any sentence in accordance with Title

---

[1]  The evidence does not make it possible to determine with certainty whether Datello's payments included the return of any principal, or constituted only interest on a loan Datello received from Crea. Regardless, the entire amount is forfeitable, because principal constitutes "property . . . affording a source of influence over" the charged enterprise, 18 U.S.C. § 1963(a)(2), and interest constitutes "proceeds which" Crea "obtained, directly or indirectly, from racketeering activity . . . in violation of section 1962," 18 U.S.C. § 1963(a)(3). Similarly, although Crea obviously derived proceeds from his participation in the Luchese Family beyond those sought in the proposed order, the Government has limited the requested forfeiture to presently quantifiable amounts.

Honorable Cathy Seibel
United States District Judge
March 28, 2020
Page 2

18, United States Code, Section 1963, in the event of any defendant's conviction under Count One," specifically including in the contemplated forfeiture of property that constituted a source of Crea's influence over the charged enterprise and the proceeds of his racketeering. (S18 Indictment at 22-23). And although the Government has not been able to locate or seize the specific funds that are the object of the proposed order, forfeiture is not limited to the specific assets that Crea originally used to influence, or received as profit from, the charged racketeering enterprise. Rather, the Government is entitled to seek those funds as part of a money judgment. *See United States v. Awad*, 598 F.3d 76, 79 (2d Cir. 2010) ("criminal forfeiture need not be traced to identifiable assets in a defendant's possession"); *see also United States* v. *Hall*, 434 F.3d 42, 58–60 (1st Cir. 2006) (affirming district court's imposition of money judgment in addition to forfeiture of specific assets found by the jury to have the requisite nexus for forfeiture).

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

    By: /s/_____
        Hagan Scotten
        Celia V. Cohen
        Alexandra N. Rothman
        Assistant United States Attorneys
        (347) 802-5952

cc:    Counsel of Record (by ECF)