# LAW OFFICE OF
# ROBERT S. FRANKLIN, P.A.

**Robert S. Franklin**
Admitted Florida, New York

March 30, 2020

**BY ECF**
Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    *United States v. Steven L. Crea*, 17-CR-089 (CS)

Dear Judge Seibel:

      We write to respectfully request that the Court issue a scheduling order to allow for at least 45-days for defense briefing and an evidentiary hearing, if necessary, to address the Government's request for a Preliminary Order of Forfeiture. Given the ongoing health pandemic (COVID-19), it is unfortunately not possible for the defense to effectively address such matter sooner, especially considering the restrictions that have been placed on counsel's access to Mr. Crea and travel. Moreover, the fact that the Government's request was filed months after the verdict was returned on November 15, 2019, demonstrates that such a scheduling will not cause prejudice and is proper considering the current pandemic.

      In addition, the Government's need for an immediate Preliminary Order of Forfeiture is undermined by the fact that its one-page letter fails to adequately address the factual and legal basis for such an order. For example, the Government vaguely asserts that a forfeiture of $2.4 million could be founded on Mr. Crea's interest in a legal loan that was issued to Sparrow Construction by Jambrit Holding. However, as the Court may recall, that loan was lawfully provided to Sparrow by Jamrbrit Holding on behalf of the company's three investors, to include Yoram Shemesh, Mr. Crea and his attorney (Lance Fallow, Esq.) who both approved the loan and drafted the underlying loan documents. While counsel will substantively brief this matter at a later date, it is counsel's current recollection that the Government's own witnesses testified that such loan was legal (*see, e.g.,* Tr. 4341 (The prosecution stated in its summation, "Now, nobody here is saying the loan by itself is illegal. All the paperwork is official. Crea even paid taxes on it.")), and that the repayment of such loan was *not* derived from Mr. Crea's engagement in extortionate conduct (*see, e.g.,* Tr. 3557-3565) (Silverstein testified that the means of collection that were utilized by Mr. Fallow were "fair" and lawfully based on the provisions set forth in the contractual agreement)).

      Moreover, the trial record also reflects that the monies used by Mr. Crea to fund his interest in the loan was from joint accounts shared by his wife and children (*see, e.g.,* Tr. 3319). Their interest in such loan is not forfeitable, which will likely be the subject of ancillary proceedings. In

this regard, the Government's letter cites no evidence that proves Mr. Crea's (lawful) interest in the loan was sourced by criminal activity connected to this case. In fact, the current record provides no such evidence whatsoever. To the contrary, however, the Government was provided numerous documents, as part of Mr. Crea's reverse Rule 16 disclosures, demonstrating that the loan was sourced by Mr. Crea's (and his wife's) legitimate income—reaffirmed by their tax filings through the years—which will be further explored in Mr. Crea's substantive filing and at the hearing.

Ultimately, there is no legitimate basis for the Court to order the proposed Preliminary Order of Forfeiture at this time, especially based on the Government's misguided reasoning—which was provided in a one-page letter, several months after the verdict, and before the defense (and Mr. Crea) can be fully heard on such an important matter.

Accordingly, it is respectfully requested that the Court issue the requested scheduling order (which accounts for the current circumstances caused by the pandemic) for the defense's briefing and an evidentiary hearing, if necessary, to address forfeiture.

Respectfully submitted,

/s/
Robert Franklin, Esq.
Anthony DiPietro, Esq.
Brendan White, Esq.

*Counsel for Steven L. Crea*