THE LAW OFFICES OF
# ANTHONY DIPIETRO, P.C.

15 CHESTER AVENUE                        (914) 948 3242
WHITE PLAINS, NY 10601           (914) 948 5372 FAX
                                     DIPIETROLAW@YAHOO.COM

July 30, 2020

**BY ECF**
Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    *United States v. Steven L. Crea*, 17-CR-089 (CS)

Dear Judge Seibel:

      We write in regard to Steven L. Crea's sentencing, which is scheduled for August 6, 2020. The reason for this letter is to respectfully apprise both the Court and Government that Mr. Crea may submit an additional, oral objection at sentencing concerning the applicable statutory maximum for Count One.[1] Given that the Court (and Government) may wish to review the merits of such objection in advance of the sentencing hearing, Mr. Crea felt compelled to provide notice by this letter.[2]

      Specifically, it is Mr. Crea's position that the statutory maximum for Count One is twenty years, not life imprisonment. Title 18 U.S.C. § 1963(a) provides in pertinent part that "[w]hoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment)."

      Based on the verdict sheet, the jury appears only to have indicated that "the pattern of racketeering activity that Defendant Steven Crea agreed would be committed include acts involving murder, *including attempted murder, conspiracy to murder, or aiding and abetting murder*." In this regard, it is Mr. Crea's position that the jury's verdict presents the possibility that it did not find that Mr. Crea committed murder (in relation to Count One) and that the other related offenses (i.e., attempted murder, conspiracy to murder) could have formed the basis of the jury's verdict against him. Thus, since only a specific finding of murder by the jury in relation to Count One would allow for the statutory maximum to be life imprisonment, the Court is limited to imposing a sentence of 20-years' imprisonment on that count of conviction.

      The Second Circuit's decision in *United States v. Orozco-Prada* is instructive. 732 F.2d 1076 (2d Cir. 1984). There, the Circuit held that the defendant must be sentenced to no

---

[1] Such objection will not substantively alter the outcome of the overall sentence given the life mandate on Count Three (18 U.S.C. § 1959(a)(1)).

[2] Counsel also provided this letter to the Government in advance of its filing so that its position could be incorporated herein (if it chose to do so).

more than 5 years after being found guilty of a narcotics conspiracy, because there was no way of knowing whether the jury found him guilty of a cocaine-related conspiracy (carrying a 15-year sentence), or a marijuana-related conspiracy (carrying a 5-year sentence), or both. *Id.* at 1083-84. *See also United States v. Bryant*, No. 3:04-CR-00047, 2006 U.S. Dist. LEXIS 61198 (W.D. Va. Aug. 29, 2006) (applying same principle to a RICO conspiracy conviction as to which the jury's verdict was not clear concerning whether it had found a racketeering activity that included life); *United States v. Barnes*, 158 F.3d 662 (2d Cir. 1998); *United States v. Zillgitt*, 286 F.3d 128 (2d Cir. 2002); *Morales v. United States*, 635 F.3d 39 (2d Cir. 2011).

Ultimately, given the construction of the verdict form as it relates to Count One (along with consideration of the jury's non-specific finding in relation to Mr. Crea's commission of murder in relation to that Count and supporting caselaw), there is legitimate reason as to why the statutory maximum cannot be elevated to life imprisonment. *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) ("Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt."). Indeed, the Court should apply the lesser maximum under such circumstances. *Cf. Orozco-Prada*, 732 F.2d at 1083 ("A sentencing judge faced with a conviction on a count that charged the violation of more than one statute to impose a sentence under the statute providing the least severe punishment.") (quoting *United States v. Amato*, 367 F. Supp. 547, 549 (S.D.N.Y. 1973).

Finally, Mr. Crea recognizes that a potential fallback theory in support of applying a maximum sentence of life imprisonment on Count One is presented by the fact that there exists a substantive murder conviction in this case (i.e., the murder of Michael Meldish). However, it does not appear settled in this Circuit that such a circumstance would allow for the elevation of the statutory maximum on a separate count of conviction (i.e., Count One), and Mr. Crea's position is that it does not.[3] *See Morales*, 635 F.3d at 47 ("We write to clarify that we have not yet expressly adopted any exception to the rule concerning general verdicts on multiple-drug conspiracy counts set forth in *Orozco-Prada*."); *Id.* ("[w]e need not decide here whether convictions on substantive charges could serve to clarify an ambiguous verdict….") (quoting *Zillgitt*, 286 F.3d at 136 n.6).

Respectfully submitted,

/s/
Anthony DiPietro, Esq.

---

[3] In the event, however, that the Court does rely on the jury's finding relating to the murder of Meldish to elevate the statutory maximum on Count One, Mr. Crea respectfully requests that such finding be made explicit since it may have a future material impact on his case (i.e., if there was a partial reversal on appeal concerning the substantive murder count—thus, necessitating a resentencing on Count One).