UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                       :

UNITED STATES OF AMERICA               CONSENT PRELIMINARY ORDER
                                        :   OF FORFEITURE AS TO
         - v. -                            SPECIFIC
                                         :   PROPERTY/MONEY JUDGMENT

STEVEN L.CREA,
                                       :   S18 17 Cr. 89 (CS)
               Defendant.
                                       :
- - - - - - - - - - - - - - - - - - x

WHEREAS, on or about July 31, 2019, Steven L. Crea (the "defendant"), among others, was charged in six counts of a ten-count Indictment, S18 17 Cr. 89 (CS) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962, (Count One); conspiracy to commit and committing murder in aid of racketeering, in violation of Title 18, United States Code, Section 1959 and 2 (Counts Two and Three); assault and attempted murder in aid of racketeering, in violation of Title 18, United States Code, Section 1959 and 2 (Count Five); use of firearms resulting in death, in violation of Title 18, United States Code, Section 924(j)(1) and 2 (Count Seven); and firearms offense, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count Nine)(D.E. 760);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of (a) any interest acquired or maintained in violation of Title 18, United States

Code 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (b) any interest in, security of, claim against, and the RICO Enterprise alleged in the Indictment which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, the securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2), and/or (c) property constituting and derived from proceeds obtained, directly or indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3);

WHEREAS, on or about November 15, 2019, following a jury trial, the defendant was found guilty of Counts One, Two, Three and Seven of the Indictment;

WHEREAS, the defendant consents to the forfeiture of a money judgment of $1,000,000.00, and to make a series of payments to the Government to fully satisfy the money judgment, as set forth below (subject to the defendant's appeal of his conviction);

WHEREAS, the defendant and his wife, Diane Crea, possess various assets, including the real property located at 757

Scarsdale Road, Yonkers, New York 10707 (the "Scarsdale Road Property"), which the Government believes are subject to forfeiture as substitute assets in order to satisfy any money judgment;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney, Audrey Strauss, Acting United States Attorney, Assistant United States Attorney Hagan Scotten, of counsel, and the defendant, Steven L. Crea, the defendant's wife, Diane Crea, and the defendant's counsel, Anthony DiPietro, Esq., and Robert Franklin, Esq., that:

1.   As a result of the defendant's conviction of Count One (subject to the defendant's appeal of his conviction), a money judgment in the amount of $1,000,000.00 in United States currency (the "Money Judgment"), representing property affording a source of influence over the enterprise identified in the Indictment and proceeds obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, that the defendant personally obtained as determined by his conviction on Count One (which, as stated above, remains subject to appeal), shall be entered against the defendant.

2.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, STEVEN L.

CREA, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3.     All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4.     The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment, except that if the defendant complies with paragraphs 9 and 10, below, the United States will not seek forfeiture except as provided in this Order.

6.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or

dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, except that if the defendant complies with paragraphs 9 and 10, below, the United States will not seek forfeiture except as provided in this Order.

7.    The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007

8.    The defendant shall make an initial $250,000.00 payment (the "Initial Payment") toward the defendant's Money Judgment within one week from the entry of this Order (the "Initial Payment Due Date"), in the manner set forth in paragraph 3.

9.    The balance of the Money Judgment ("the Judgment Balance"), shall be paid, in the manner set forth in Paragraph 3, by a series of four payments of $187,500.00 each ("the Installment Payments") to be made by the following dates:

       a. November 25, 2020

       b.  February 23, 2021

c. May 24, 2021

d. August 22, 2021

or any later date(s) agreed to by the Government via written

notice to counsel for the Creas (the "the Installment Payment

Due Dates").  The Government shall have absolute discretion in

determining whether or not to extend any Balance Due Date beyond

the dates specified in this Order.

10.  The Creas shall not sell, transfer or encumber

the Scarsdale Road Property prior to payment of the Judgment

Balance without the prior written authorization of the

Government.  Should the Creas sell, transfer or encumber the

Scarsdale Road Property with the Government's authorization

prior to payment of the Judgment Balance, they shall pay the

Judgment Balance to the United States from the proceeds of any

sale, transfer or encumbrance of the Scarsdale Road Property

prior to making any other distribution of such proceeds.  Such

payment shall be made at either the time of closing of the sale

or transfer in the manner directed by counsel for the

Government.

11.  The Creas shall not incur any obligations secured

by the Scarsdale Road Property after the date of the entry of

this Order, without the prior written authorization of the

Government.

12.   The Creas shall maintain the Scarsdale Road Property as their expense in the same, or better, condition and repair as of the date of this Order.  The term "maintain" shall include, but not be limited to, keeping the Scarsdale Road Property free of hazards and/or structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the Scarsdale Road Property clean and performing necessary sanitation and waste removal; maintaining the Scarsdale Road Property and grounds in good condition by providing snow removal, lawn mowing and all other ordinary and necessary routine maintenance.  The Creas shall maintain casualty and fire insurance equal to the full replacement cost of the Scarsdale Road Property and all improvements thereon, and shall maintain liability insurance for injuries occurring on or resulting from the use of the property, or activities or conditions thereon.  The Creas shall also timely pay any and all mortgage, home equity loan, rent utilities, sewer, trash, maintenance, cable television, tax and/or other obligations, otherwise necessary and due on the Scarsdale Road Property. Moreover, the Creas shall abide by all laws, codes, regulations, ordinances, covenants, rules, bylaws, binding agreements and/or

stipulations or conditions pertaining to the care, maintenance, control and use of the Scarsdale Road Property.

13.   If the Creas fail to make the Initial Payment by the Initial Payment Due Date or any Installment Payment by the respective Installment Payment Due Date, the Creas consent to the following:

a.   The Scarsdale Road Property shall be sold by the Marshals and the unpaid portion of the Money Judgment shall be forfeited as a substitute asset from the net proceeds of that sale.

b.   The Creas shall expeditiously execute any and all paperwork and fulfill any other requirements in furtherance of a Marshals sale of the Scarsdale Road Property, including vacating the Scarsdale Road Property within 60 days after the Initial Payment Due Date or Balance Due Date, whichever is applicable.

c.   Neither the defendant nor Diane Crea shall file any petition or claim as to the portion of the net proceeds of the Marshals sale equal to the unpaid balance of the Money Judgment, or assist any other person in doing so.

d.   The net proceeds of the sale of the Scarsdale Road Property shall include all amounts received from the sale of the Scarsdale Road Property after payment of

outstanding taxes, valid prior liens, real estate commissions,
insurance costs, escrow fees, document recording fees not paid
by the buyer, title fees, county transfer fees, reasonable real
estate attorney's fees, if any, associated with the Marshals
sale, and any and all expenses, if any, incurred by the Marshals
or designees in connection with the custody, maintenance and
sale of the Scarsdale Road Property.

e.    If the net proceeds of the Scarsdale Road
Property are greater than the unpaid balance of the Money
Judgment at the time of the sale, the excess proceeds shall be
transferred by the Marshals to the Creas in the manner directed
by the Creas' counsel, with the exception that should the
defendant have any unpaid balance remaining on any fine ordered
by the Court, the remaining balance of the fine will be deducted
from excess proceeds of the sale and applied to the remaining
balance of the fine.

14.   Except as set forth in Paragraph 13, the
Government shall not take any action to seize or forfeit the
Scarsdale Road Property.

15.   Until the Money Judgment is fully paid, the
United States Marshals Service or its designees shall have the
right to enter and inspect the Scarsdale Road, upon 72 hours
advance notice to the Creas' attorney, in order to ensure

compliance with this Order of Settlement.  The Creas shall fully cooperate with any persons and entities designated by the Marshals to inspect the Scarsdale Road Property.

16.  The Creas are barred from asserting, or assisting others in asserting, any claim against the Government, including the Department of Justice, the United States Attorney's Office for the Southern District of New York, and the United States Marshals Service, and all employees, officers, and agents of the Government, in connection with the sale of the Scarsdale Road Property pursuant to this Order.

17.  In the event that the defendant's conviction is vacated on appeal and the defendant is ultimately acquitted at trial, or the charges against him are otherwise dismissed, the United States shall return to the defendant all payments made in satisfaction on the Money Judgment, via wire transfer based on wire instructions to be provided by the defendant's counsel.  The funds shall be returned promptly following the defendant's completion of wire transfer authorization documents provided by the United States Marshals Service.

18.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

19.   The parties agree that this order and the stipulations herein will not constitute an admission of guilt or the admission of any facts that may be used to establish guilt, and the government will not present it as such in any future proceeding.

20.   Each party shall bear its own costs and attorney's fees.

21.   The signature page of this Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by email or fax and such signatures shall be deemed as valid originals.

22.   Due to the circumstances imposed by the COVID-19 pandemic, to include the difficulty of physically or electronically accessing documents by certain parties, any party may verbally attest to their agreement to this Order on the

record at the next court appearance in this matter, and such
verbal agreement will be deemed binding.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____ /LK          9/1/2020
    HAGAN SCOTTEN                            DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    Tel.:  (212) 637-2410

    DEFENDANT STEVEN L. CREA

By: _____              9/2/20
    STEVEN L. CREA                          DATE

By: _____              8/25/20
    DIANE CREA

By: _____              8/25/20
    ANTHONY DiPIETRO, ESQ.                  DATE
    15 Chester Avenue
    White Plains, NY 10601
    914-948-3242

By: _____              8/26/20
    ROBERT FRANKLIN, ESQ.                   DATE
    2465 Mercer Ave, Suite 301
    West Palm Beach, FL 33401
    (561) 775-7000

SO ORDERED.
                                           9/9/20

_____  _____         _____
CATHY SEIBEL, U.S.D.J.  XXXXX               DATE