# THE LAW OFFICES OF
# ANTHONY DIPIETRO, P.C.

**15 CHESTER AVENUE**  (914) 948 3242
**WHITE PLAINS, NY 10601**  (914) 948 5372 FAX
DIPIETROLAW@YAHOO.COM

November 20, 2023

**By Mail/Email**
Warden Eric Bradley
USP Canaan
P.O. Box 400
Waymart, PA 18472
CAA-ExecAssistant@bop.gov

    Re:  *Request for Compassionate Release*
           Steven L. Crea, Reg. No. 48635-066

Dear Warden Bradley:

    We respectfully submit this request on behalf of our client, Steven L. Crea, Reg. No. 48635-066, seeking Mr. Crea's compassionate release under 18 U.S.C. § 3582(c)(1)(A) and Bureau of Prisons (BOP) Policy Statement 5050.50. Given that Mr. Crea, age 76, was recently diagnosed, after having collapsed in his cell, with stage IV lung cancer with an end-of-life trajectory, we request that the instant application be expedited for emergency review and approval by the Bureau of Prisons. *See* 18 U.S.C.S. § 3582(d)(2)(A)(iv) ("The Bureau of Prisons shall…in the case of a defendant diagnosed with a terminal illness…not later than 14 days of receipt of a request for a sentence reduction submitted on the defendant's behalf by the defendant or the defendant's attorney, partner, or family member, process the request").

    Here, Mr. Crea meets the criteria for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and BOP PS 5050.50, because stage IV lung cancer is a terminal disease. 18 U.S.C.S. § 3582(d)(1) ("In this subsection, the term 'terminal illness' means a disease or condition with an end-of-life trajectory."); BOP PS 5050.50 § 3(a) ("RIS consideration may be given to inmates who have been diagnosed with a terminal, incurable disease and whose life expectancy is eighteen (18) months or less, and/or has a disease or condition with an end-of-life trajectory under 18 USC § 3582(d)(1).");

*see United States v. Coles*, No. 19 CR. 789 (PGG), 2023 WL 1865349, at *2 (S.D.N.Y. Feb. 9, 2023) ("BOP further reported to [the Government] that according to treatment providers, Coles' prognosis is extremely poor, with a life expectancy of five to six months and a 100 percent mortality rate within one year [b]ecause he is considered terminally ill with a poor prognosis, a life expectancy of less than 18 months, and an end-of-life trajectory"); *see also, e.g., United States v. Kelley*, 464 F. Supp. 3d 1134, 1135, 1137 (N.D. Cal. 2020) (finding extraordinary and compelling reasons where defendant suffered from terminal prostate cancer with two-year life expectancy); *United States v. Winckler*, Criminal Action No. 13-318, 2020 U.S. Dist. LEXIS 59579, 2020 WL 1666652, at *2 (W.D. Pa. Apr. 3, 2020) (finding extraordinary and compelling circumstances where defendant was diagnosed with "stage-four metastatic thyroid cancer" and had life expectancy of less than twelve months); *United States v. Wong Chi Fai*, 93-CR-1340 (RJD), 2019 U.S. Dist. LEXIS 126774, 2019 WL 3428504, at *1, *3 (E.D.N.Y. July 30, 2019) (finding extraordinary and compelling circumstances where defendant suffered from "metastatic papillary thyroid cancer" with twelve-month life expectancy).

Furthermore, given Mr. Crea's advanced age, other documented medical ailments, and the acute progression of this metastatic disease, there is no realistic medical basis for recovery. Indeed, the underlying medical records indicate that Mr. Crea's medical condition is rapidly worsening, that he is quickly approaching the point at which he will be unable to perform basic daily activities, and that his end-of-life care in confinement would almost inevitably subject him to inhumane circumstances.[1] *See, e.g.,* Clinical Progress Note 11/6/2023 (documenting that Mr. Crea "was originally sent to the hospital after he was found on the floor in his jail cell. He was found to have atrial fibrillation and RVR. Patient was resuscitated and admitted to the ICU.").

In this regard, there also exist significant financial, safety, and logistical considerations for the Bureau of Prisons when dealing with a terminally ill patient such as Mr. Crea, all of which strongly militate in favor of compassionate release here

---

[1] Attached is a summary of Mr. Crea's recent medical records, which illustrates the rapid progression of terminal disease here.

Finally, Mr. Crea's wife, Diane Crea, and Mr. Crea's grown children are prepared to care for him upon his release. Mr. Crea will reside with his wife at their marital residence at 245 Scarsdale Road, Tuckahoe, New York 10707. The family is also prepared to cover the cost of all medical and end-of-life care that may be needed, and which likely could not be provided by the Bureau of Prisons, including the hiring of a 24-hour home health aide service and providing other palliative care as it becomes necessary.

Respectfully submitted,

*Anthony DiPietro*

Anthony DiPietro, Esq.
Brendan White, Esq.