UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-                                    ORDER

STEVEN L. CREA,                       No. 17-CR-89-4 (CS)

                     Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Steven L. Crea's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), (ECF Nos. 1310-12), the Government's opposition thereto, (ECF No. 1320), and Defendant's reply, (ECF No. 1321). Defendant was sentenced principally to life imprisonment on his conviction for racketeering conspiracy; a concurrent term of ten years' imprisonment on his conviction for conspiracy to commit murder in aid of racketeering; a concurrent term of mandatory life imprisonment on his conviction for murder in aid of racketeering; and a consecutive term of life imprisonment on his conviction for use of a firearm in connection with a crime of violence resulting in death (ECF No. 1123.) He has served eight years and three months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a), p.s. The Policy Statement, as amended, *see United*

States v. Feliz, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[1] identifies as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity, see U.S.S.G. § 1B1.13(b)(1)-(6). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." United States v. Jacques, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant's motion is based on his September 2023 diagnosis of Stage IV lung cancer and concomitant medical issues. I agree with the parties that Defendant's medical condition is an extraordinary and compelling reason, and I recognize that I have the discretion to grant the motion despite the imposition of a mandatory life sentence. But I decline to do so, based on the § 3553(a) factors and the danger Defendant presents.

Defendant was a long-time and high-ranking leader of the Lucchese Crime Family, a murderous and destructive organization that inflicted untold damage on the community. He has a lengthy and serious history of intimidation, violence (including murder) and other criminal conduct. He has never renounced his association with the Mafia. To the contrary, despite several previous convictions, he continued and escalated his involvement. There is every reason

---

[1] I agree with the court in Feliz, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that United States v. Brooker, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4; see United States v. Corbett, No. 10-CR-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated."). But the outcome here would be the same even under Brooker and the old version of 1B1.13.

to believe that he adheres to the oath of loyalty he took and would renew his criminal conduct if able to do so. The conditions of release proposed by Defendant would not prevent that, given that he would only need to pass orders to others, and has done so in the past through family members. Nor would his medical condition, despite its seriousness, assure that Defendant would not revert to criminal conduct. He has control of his faculties and is able to conduct his activities of daily living. In short, even from home confinement he could easily resume the criminal activities to which he has devoted his entire adult life.

The comparison to co-Defendant Joseph Datello is inapt. Datello was cognitively impaired to the point where he was confined to the BOP nursing home and receiving 24 hour care, and BOP agreed he should be released to a civilian nursing home, none of which is true for Defendant. (ECF Nos. 1275-76.) Defendant is correct that his ability to handle his activities of daily living does not mean that his disease is not ultimately fatal, but it does mean he is not disabled from committing crimes as Datello was.

For these reasons, Defendant remains a danger to the community. For similar reasons, the § 3553(a) factors weigh heavily against release. The nature and circumstances of the offenses are as serious as they come, and while Defendant has people who care about him and to whom he has been generous, that good side of him pales in comparison to his criminal history and characteristics. Moreover, eight-plus years for offenses of this seriousness – including murder – simply does not amount to just punishment, even if some of that time was served in MDC Brooklyn and/or during the COVID pandemic. Likewise, release of a recidivist high-ranking

mobster after less than nine years following conviction for murder and racketeering would promote disrespect for the law.

It is tragic when anyone dies in prison. But that outcome is not unexpected for a longtime Mafia member and high-level leader, responsible for murder and other acts of violence, who earned a life sentence at the age of 73.

For the reasons stated above, the motion is denied.

Dated: August 27, 2025
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.