```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
STEVEN CREA,                                :
                                            :
                    Petitioner,             :
                                            :    25 CV. _____
          - against -                       :    (17 CR 89 (CS))
                                            :
UNITED STATES OF AMERICA,                   :
                                            :
                    Defendant.              :
-------------------------------------------X
```

<u>AFFIRMATION OF ANTHONY DIPIETRO, ESQ.</u>

ANTHONY DIPIETRO, an attorney duly admitted to practice in this Court, hereby affirms the following under penalty of perjury:

1. Together with Robert Franklin, Esq., I represented Petitioner Steven Crea in the underlying criminal action, 17-CR-89 (CS), at the pretrial, trial, and post-trial stages, and additionally represented Mr. Crea in his appeal to the United States Court of Appeals for the Second Circuit, as co-counsel with Brendan White, Esq.

2. In connection with my representation, I communicated regularly at every stage of the proceedings with co-counsel, counsel for Mr. Crea's co-defendants, and counsel for the Government, including frequent discussions regarding 3500 material and Brady/Giglio material.

3. By Government letter of May 4, 2023, transmitted via e-mail, I received for the first time a copy of handwritten

1

notes pertaining to a prosecutor's October 17, 2019, interview with cooperating witness Robert Spinelli ("the Spinelli notes"). In communications with the Government over the subsequent months, I repeatedly made clear that neither I nor co-counsel had received copies of the Spinelli notes, during trial or at any time prior to May 4, 2023. Because after having reviewed the case file and the 3500 material tendered by the Government in relation to Spinelli, there was no production previously made by the Government regarding those notes.

4. Furthermore, because, on October 17, 2019, Robert Spinelli was in the midst of testifying as a witness for the Government with respect to a key factual and legal issue at trial, had the Spinelli notes been disclosed at that time, I would remember having received that information and would have discussed with co-counsel how the information contained in the Spinelli notes could have been used on cross-examination and in jury argument. Moreover, I was primarily responsible for handling all pre-trial, during-trial, and post-trial motion practice. Given the obvious and central significance of the information reflected in the Spinelli notes, I would have relied upon them in connection with that litigation as well. Those

2

things did not occur because the Spinelli notes were not produced by the Government prior to May 4, 2023.

5. Additionally, in approximately September 2023, I received a telephone call from cooperating witness Sean Richard, who advised that he possessed information that could be helpful to Mr. Crea. In approximately December 2023, I further received by mail a letter dated November 18, 2023, that was originally sent to Mr. Crea—who at that time was in federal custody—from Sean Richard.

6. On February 2, 2024, I contacted the Government by letter, transmitted via e-mail, and provided it with a copy of Richard's letter to Mr. Crea. In my letter to the Government, I requested that it produce any outstanding discovery relating to Richard, including all information that it was obligated to disclose at trial pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. I further requested the production of all materials concerning Richard's initial refusal to testify, as well as any information relating to his claims of Government misconduct. The Government did not provide any additional information concerning Richard.

Dated:    White Plains, New York
          March 5, 2026

_Anthony DiPietro_
_____
ANTHONY DIPIETRO

3